## LAUSTEN v. LAUSTEN.

No. 7274.    Opinion Filed January 18, 1916.

Rehearing Denied February 15, 1916.

(154 Pac. 1182.)

1.    **APPEAL AND ERROR—Special Appearance—Assignment of Nonjurisdictional Errors.** Where a defendant files a special appearance objecting to the jurisdiction of the court over his person, in which special appearance only jurisdictional matters are set up, and, after such special appearance is overruled and exceptions saved, appeals to this court, the assigning in his peti-

tion in error, filed in this court, of non-jurisdictional errors of the trial court, does not constitute a waiver of the want of jurisdiction in the trial court over his person. **Rogers v. McCord-Collins Mercantile Co.,** 19 Okla. 115, 91 Pac. 864, not followed.

2.  **PLEADING—Amended Petition—Notice—Necessity.** The filing by a plaintiff, after service or attempted service of summons and before answer, of an amended petition, which is complete in itself and does not refer to or adopt the original as a part of it, operates as an abandonment of the original petition; and where such amended petition sets out a new cause of action and seeks for relief not prayed for in the original petition, notice of the filing thereof to the defendant or his attorney is essential to give the court jurisdiction to render judgment thereon, and a judgment rendered on such amended petition without such notice is void for want of jurisdiction of the person of the defendant.

(Syllabus by Rummons, C.)

*Error from District Court, Washington County;*
*R. H. Hudson, Judge.*

Action by Mary K. Lausten against Mads C. Lausten.  Judgment for plaintiff, and defendant brings error.  Reversed, with directions.

*Norman Barker* and *Hainer, Burns & Toney,* for plaintiff in error.

*Everest & Campbell,* for defendant in error.

Opinion by RUMMONS, C.  On December 18, 1914, this action was commenced by the defendant in error, hereinafter called the plaintiff, in the district court of Washington county against the plaintiff in error, hereinafter called the defendant, for separate maintenance and alimony, and for the custody of the minor children of plaintiff and the defendant.  On said day summons was issued in the said cause, returnable on December 28, 1914, requiring the defendant to answer the petition on or before the 18th day of January, 1915.  This summons was served by delivering a copy to the defendant, in

which copy the defendant was required to answer the petition on or before January 18, 1914. On December 21, 1914, after the issuing and service of the said summons, the plaintiff filed an amended petition in said action. On January 11, 1915, the defendant entered a special appearance in the cause, objecting to the service of summons upon him, which being overruled, he excepted, and made no further appearance. On January 28, 1915, judgment by default was rendered by the court in favor of the plaintiff against the defendant for the sum of $30,000 alimony, and restraining and enjoining defendant from transferring or disposing of any of his property, real or personal, until such time as such judgment was fully satisfied. On January 28, 1915, the defendant again appeared specially, questioning the jurisdiction of the court to render the judgment, and moved the court to vacate and hold for naught the said judgment for want of jurisdiction of the person of the defendant. This motion was by the court overruled, to which ruling the defendant excepted, and brings error to this court.

The defendant assigns as error the overruling of his special appearance to quash the service of the summons, and the overruling of his motion to vacate and hold for naught the judgment for want of jurisdiction of the person of the defendant. He also assigns as error the permitting of the plaintiff to amend her petition, stating a new and enlarged cause of action against the defendant, without any service of process or notice to the defendant, and making a new and enlarged demand against the defendant, without notice or additional service of process on the defendant. He further assigns as error that the trial court erred in hearing any testimony under the pleadings in said case. He further assigns error in

rendering judgment on the pleadings and the testimony because the court was without jurisdiction over defendant, and had no jurisdiction to render said judgment, which was not supported by the evidence, and neither the original petition or amended petition of the plaintiff justified or supported the findings of the trial court in rendering such judgment.

It is contended by the plaintiff that the last three assignments of error, briefly set out above, constitute a general appearance by the defendant, and that he thereby waived the want of jurisdiction over his person in the trial court, and that this court is thereby precluded from inquiring into any want of jurisdiction of the trial court over the person of the defendant. This question meets us at the threshold in the determination of this case, and we must consider whether or not a party, appealing to this court from a judgment claimed to be void for want of jurisdiction in the trial court over his person, by filing a petition in error in which he assigns errors committed by the trial court which are not jurisdictional, enters a general appearance in the case and validates and makes binding and effective a judgment which was up to that time void for want of jurisdiction. Counsel for plaintiff rely upon the case of *Rogers v. McCord-Collins Mercantile Co.*, decided by the territorial Supreme Court, and reported in 19 Okla. 115, 91 Pac. 864. The court there says:

"In the brief of the plaintiff in error in this case, they argue two propositions, which can in no wise be taken advantage of by special appearance, and an appearance in any case which is designated as a special appearance, and in which special appearance propositions are contended for which cannot be taken advantage of by a

special appearance, but can only be heard upon a general appearance, the parties will be taken and held to have made a general appearance. Counsel argue, upon pages 10 and 11 of their brief, that the judgment was rendered without testimony; also that the petition was not subscribed by the plaintiff in error, and for this reason the court erred in rendering judgment; also the service was made on Thanksgiving Day. The first two of these propositions are not matters that can be considered under the head of a special appearance. They are matters that do not pertain to the jurisdiction of the person, and the defendant, having presented these two matters to the court, will be deemed to have entered a general appearance in the action, and, having entered a general appearance, all matters affecting the service are waived, and the court will be held to have jurisdiction of the person of the defendant."

This case is the only Oklahoma case we have been able to find touching upon the question of general appearance in the Supreme Court as a waiver of jurisdiction. While it has been cited repeatedly by this court on the proposition that a motion designated as a special appearance in which nonjurisdictional questions are raised is in fact a general appearance, we are convinced the language we have quoted above is a *dictum* not necessary for the decision of the case in which the opinion was rendered. The question of jurisdiction in that case was a question of fact; the sheriff's return showing service upon the defendant at his usual place of residence, and the defendant contending that at the time of the service he was a nonresident of the county and territory. The court, in determining the case before considering the question of the matters argued in the briefs, says:

"It is insisted by the plaintiff in error that both of these motions ought to have been sustained. There was,

however, evidence offered and considered, and we think that the return of the sheriff was sufficient as against the evidence offered by the defendant. The affidavits offered by the defendant are very unsatisfactory. The affidavit of the wife of the defendant was incompetent and could not have been considered by the court. The other affidavits contain conclusion and evidently appeared to the court as evasive and unsatisfactory."

The court further says:

"This same question, having been presented to the court upon the motion to quash service, became *res adjudicata*, and the court would have been justified in overruling the motion upon that ground, if none other."

So it will be seen that the territorial Supreme Court, before arriving at a consideration of the effect of the arguing of nonjurisdictional questions in the brief, had concluded that the judgment of the trial court was right upon the facts, and was correct for the reason that the question determining it had become *res adjudicata*. In the case of *Huston v. Scott,* 20 Okla. 156, 94 Pac. 517, 35 L. R. A. (N. S.) 721, the court says:

"The declaration of law made in the quotation was clearly *obiter dictum*: 'Where a judge who writes the opinion of the court expresses a view upon any point or principle which he is not required to decide, his opinion as to such point or principle is *obiter dictum.*' *Hart v. Stribling,* 25 Fla. 433, 435, 6 South. 455; *L. Bucki & Son Lumber Co. v. Fidelity & Deposit Co.,* 109 Fed. 393, 400, 48 C. C. A. 436; 3 Words and Phrases, p. 2051.

"So, when the learned jurist, Justice McAtee, speaking for the court, made the finding of fact 'or that Martin had any knowledge of the pendency of any suit in any court touching the property, nor is there any proof in the case that the lands in question were the subject of any suit,' there was created a condition under which

he was not required to decide the legal question involved, and the holding is *obiter dictum*, and not binding on this court."

We therefore conclude that the holding which we have quoted in the case of *Rogers v. McCord-Collins Mercantile Co., supra*, is *obiter dictum* and not authoritative.

It seems clear that the assignments of error, "that the trial court erred in hearing any testimony under the pleadings in said cause on the 28th day of January, 1915," and "that the trial court erred in rendering judgment for the defendant in error against plaintiff in error on the pleadings and the testimony, which was not supported by the evidence, and that neither the original petition nor amended petition of the plaintiff below, this defendant in error, justified or supported the findings of the trial court," challenge this court to the review of the judgment of the trial court upon grounds that are nonjurisdictional; but does the fact that the defendant complains of errors which are not jurisdictional waive the jurisdictional errors of which he also complains? It is not contended that the special appearance to quash the summons or the motion to vacate the judgment are based upon any nonjurisdictional grounds. So the repeated holdings of this court, that a motion to vacate a judgment for want of jurisdiction of the person of the movant and also for nonjurisdictional grounds constitutes a waiver of the want of jurisdiction, and submits the person of the movant to the jurisdiction of the court, and that thereby a judgment void for want of jurisdiction of the person is validated, do not directly aid us in the determination of this question. It seems to us that this court has gone as far in the matter of waiver of juris-

diction after judgment as the law requires. The authorities upon the question of waiver of jurisdiction of the person upon appeal to the Supreme Court are not in harmony. They seem to be divided into three groups: The first holding that an appeal to the Supreme Court from a judgment rendered without jurisdiction of the person waives the want of jurisdiction and submits the person of the appellant to the jurisdiction of the court, and binds him by the judgment already entered, and the appellate court is precluded from considering the want of jurisdiction. The next group holds that while an appeal from a judgment void for want of jurisdiction of the person submits the appellant to the jurisdiction of the court, yet the appellate court will consider the question of jurisdiction; and if it finds want of jurisdiction, will reverse and remand the cause with leave for the appellant to plead therein. The third group holds that a general appeal from a judgment void for want of jurisdiction of the person of the appellant is not a waiver of the question of jurisdiction, and does not validate the judgment if it be void.

An almost unbroken line of decisions by this court holds that a defendant making a special appearance, objecting to the jurisdiction of the court over his person, may, when such special appearance is overruled, save his exception and thereafter demur and answer, and proceed to the trial of the cause upon its merits without waiving his special appearance; and that he may appeal to this court from an adverse judgment, and bring to the attention of this court not only the error of the trial court in overruling his special appearance, but all other errors committed by the trial court in the proceedings below, after such special appearance has been overruled,

without being held to have waived his special appearance. This court will upon such an appeal consider the ques-- tion of the jurisdiction of the person of the defendant, and, if it finds that the court below was without jurisdiction, will reverse and dismiss the case.. *Chicago Building & Manufacturing Co. v. Pewthers,* 10 Okla. 724, 63 Pac. 964; *Chicago Building & Manufacturing Co. v. Kirby,* 10 Okla. 730, 63 Pac. 966; *Austin Mfg. Co. v. Hunter,* 16 Okla. 86, 86 Pac. 293; *St. L. & S. F. R. Co. v. v. Clark,* 17 Okla. 562, 87 Pac. 430; *Oklahoma Fire Insurance Co. v. Barber Asphalt Paving Co.,* 34 Okla. 149, 125 Pac. 734; *Spaulding v. Polley,* 28 Okla. 764, 115 Pac. 864; *Wm. Cameron & Co. v. Consolidated School District No. 1,* 44 Okla. 67, 143 Pac. 182; *Commonwealth Cotton Oil Co. v. Hudson* (No. 5483) 161 Pac. 535, not yet officially reported.

This being the state of the law upon the consideration of the question of the jurisdiction of the person upon appeal in cases where the defendants have proceeded to try the cases upon their merits and have speculated upon the chances of obtaining favorable verdicts or judgments in the trial court, can it be said that a stricter and harsher rule will be applied to him who rests his case in the court below upon the question of jurisdiction and takes no chances of obtaining a favorable judgment in the trial court? We can see no reason for any such distinction, and we feel convinced there is none. In fact it seems to us that the defendant who stands alone upon the question of jurisdiction is entitled to the more favorable consideration. This court, in the case of *Griffin v. Jones,* 45 Okla. 305, 147 Pac. 1024, says:

"The rule established by this court, following the decisions of the Supreme Court of Kansas in holding that a general appearance, after rendition of judgment, has the effect to validate a void judgment, often results in hardships, and, in effect, a denial of justice, and should not be extended beyond the reason of such rule. It has been said that a judgment which is void for want of service is no judgment at all; and to hold that after a judgment in form only has been entered against a party, which in fact and in law is no judgment, by his appearance in an effort to relieve himself from such judgment which is apparently valid, but which in fact is' void, is carrying the rule of estoppel and waiver to the extreme."

As we have said above, we think this court has gone to the extreme limit in validating judgments void for want of jurisdiction of the person, by holding that a general appearance after judgment in the court rendering judgment makes such judgment valid and waives the question of jurisdiction. We do not think that either reason or authority requires an extension of that rule to a proceeding in error in this court to reverse the judgment of the trial court for errors in ruling upon purely jurisdictional questions.

We therefore conclude that the defendant did not, by assigning nonjurisdictional errors in his petition in error, waive the questions of jurisdiction which he had properly preserved below. *Bastian v. Adams*, 5 Neb. (Unof.) 32, 97 N. W. 231; *Zimmerman v. Gerdes*, 106 Wis. 608, 82 N. W. 532; *Electric Appliance Co. v. Warren*, 115 Wis. 477, 91 N. W. 970.

It remains to be considered whether or not the court below had jurisdiction of the person of the defendant, so that it could enter a valid judgment against him. Upon this question we need only consider whether or not

the trial court had jurisdiction to enter judgment against the defendant upon the amended petition. The plaintiff by filing her amended petition, in which no reference whatever is made to her original petition, upon which she had caused, or attempted to cause, a summons to be served upon the defendant, abandoned her original petition, and the same ceased to be a part of the record of the case; and her case against the defendant rested solely upon the amended petition. It is contended by counsel for plaintiff that because no notice was given defendant of the amended petition it became a nullity, and that the case was tried and judgment rendered upon the original petition. We think the converse of this is true; and that when the plaintiff filed an amended petition before answer she elected to abandon her original petition, and the same became, and was, a nullity. *Berry v. Berry,* 12 Okla. 221, 226, 71 Pac. 1074, 66 L. R. A. 513; *Lane v. C., O. & G. Ry. Co.,* 19 Okla. 324, 91 Pac. 883; *Territory v. Woolsey,* 35 Okla. 545, 553, 554, 130 Pac. 934; *Gaar-Scott & Co. v. Rogers,* 46 Okla. 67, 148 Pac. 161, at page 164.

It is apparent from an examination of both the original and amended petitions that the plaintiff sets up a new cause of action in the amended petition. That is, in the amended petition she sets up facts stating a cause of action against the defendant for an injunction restraining him from disposing of his property, pending the determination of the suit. She also seeks, in the amended petition, for the sum of $250 attorneys' fees; while in the original petition no attorneys' fees are prayed for specifically. It is apparent, from a perusal of the judgment of the court below, that in rendering judgment against the defendant it was based upon the amended

petition, for the court grants the injunction prayed for and allows the attorneys' fees in the sum prayed for.

Section 4787, Rev. Laws 1910, provides:

"The plaintiff may amend his petition without leave, at any time before the answer is filed, without prejudice to the proceedings; but notice of such amendment shall be served upon the defendant or his attorney, and the defendant shall have the same time to answer or demur thereto as to the original petition."

It is not contended that any notice whatever of this amended petition was given either to the defendant or his attorneys, so that the defendant at the time judgment was entered was not in default, nor was he in court upon the amended petition. The giving of notice of the filing of an amended petition before answer is jurisdictional; and any judgment rendered, without such notice having been given, is without jurisdiction and of no effect. *Haight v. Schuck,* 6 Kan. 192; *R. R. Co. v. Van Riper,* 19 Kan. 317; *Beecher v. Ireland,* 46 Kan. 97, 99, 26 Pac. 448; *Perry-Rice Grocery Co. v. Craddock Grocery Co.,* 34 Tex. Civ. App. 442, 78 S. W. 906; *Three Forks City Co. v. Commonwealth,* 20 Ky. Law Rep. 149, 45 S. W. 353; *Sanford v. Edwards,* 19 Mont. 56, 47 Pac. 212, 61 Am. St. Rep. 482, note page 493.

This being true, the trial court was without jurisdiction to render the judgment complained of; and, taking this view of the case, we do not deem it necessary to consider the other errors assigned.

The judgment should be reversed and remanded with directions to the trial court to vacate such judgment.

By the Court: It is so ordered.