## DEWAR COAL MINING CO. et al. v. STATE INDUSTRIAL COMMISSION et al.

No. 13210—Opinion Filed Dec. 12, 1922.

(Syllabus.)

1. **Master and Servant—Workmen's Compensation—Scope of Review — Questions of Fact.**

In a suit instituted in this court to review an award of the State Industrial Commission, the suit must be to review an error of law, and not an error of fact.

**2. Same — Notice to Employer of Injury — Waiver.**

When, on the hearing of a complaint filed by an employe under the Workmen's Compensation Act, no objection is made that such employe failed to give notice of his injury to the employer, it is unnecessary for the State Industrial Commission, to make any finding upon that question or in any way excuse the failure to give such notice.

**3. Same—Affirmance.**

Record examined. and held, that the employer and insurance carrier have waived the question that they were prejudiced by the failure of the claimant to give the notice as provided for in section 8 of article 2, chapter 246, Session Laws 1915, and further held, that the award of the Industrial Commission should be affirmed.

Error from State Industrial Commission.

Action by the Dewar Coal Mining Company and Consolidated Underwriters to review award of workman's compensation to Alpha Smith. Affirmed.

Simpson, Hummer & Foster, for petitioners.

George F. Short, Atty. Gen., and Kathryn Van Leuven, Asst. Atty. Gen., for respondents.

JOHNSON, J. This proceeding was commenced by the petitioners, plaintiffs in error, to review an award made by the State Industrial Commission to the respondent, Alpha Smith.

The record discloses that on the 18th day of January, 1922, respondent Alpha Smith, while in the employ of the Dewar Coal Mining Company, was the victim of an accidental injury, sustained by reason of a piece of coal falling and hitting claimant about the ankle of the left leg. At the time Smith was working in pit No. 2, of the Greenridge mine, and that was the last day that the mine operated for many months, being closed at the end of that day.

Some three or four days thereafter the injured employe went to a doctor by name McHanaly, in Henryetta, Okla. This doctor told him that his injury was not serious; that he was able to handle it, and that he did not believe he had any claim for compensation. Smith endeavored to work from time to time; first in another mine, from which he was taken by the doctor's order, and then in a barber shop, and he kept up such intermittent work for three or four months probably. The injury to his leg gave him trouble, and he had a physician treating him until along about the first of August of 1921, when he was sent to the hospital at Ft. Smith, where he was con-fined for two months, and was upon crutches after he was released from the hospital. On the first day of October, 1921, the employe's claim for compensation was filed, and after hearing had at Henryetta on December 22, 1921, and continued at Okmulgee on February 24, 1922, on March 13, 1922, the award in this case was made by the Industrial Commission in its official capacity, which said award, in words and figures, is as follows, to wit:

"Award.

"Now on this 13th day of March, 1922, this cause comes on to be determined on the claimant's claim for compensation for an injury which he alleges occurred to him while in the employment of the Dewar Coal Mining Company, on the 18th day of January, 1921, and the commission having considered the testimony taken at a regular hearing at Okmulgee, Okla., on the 24th day of February, 1922, before a member of the commission, at which hearing the claimant appeared in person and the respondent and insurance carrier were represented by R. F. B. Hummer, and having examined all the records on file in said cause and being otherwise well and sufficiently advised in the premises, finds the following facts:

"(1) That the claimant herein was in the employment of the Dewar Coal Mining Company, and was engaged in a hazardous occupation within the meaning of the statute, and that while in the employment of said respondent and in the course of his employment, the claimant sustained an accidental injury on the 18th day of January, 1921;

"(2) That as a result of said injury the claimant was temporarily totally disabled from performing his work from August 8, 1921;

"(3) That the respondent had proper notice of said accident and the employe filed his claim for compensation with the commission within the statutory period;

"(4) That the claimant's average wage at the time of his injury was $12 per day.

"The Commission is Therefore of the Opinion: That by reason of the aforesaid facts the claimant is entitled under the law to compensation at the rate of $18 per week, beginning August 8th, and continuing weekly until the termination of disability, or until otherwise ordered by the commission.

"It is therefore ordered: That within ten days from this date the Dewar Coal Mining Company, or the Consolidated Underwriters, pay to the claimant compensation at the rate of $18 per week, beginning August 8, 1921, and continuing weekly until the termination of disability, or until otherwise ordered by the commission, and also pay all medical expenses incurred by said claimant as a result of said accident."

Of this award petitioners asked review, alleging several grounds therefor, but depend only in their brief upon failure of notice, which they argue in their brief under two propositions which are as follows:

"(1) The commission was not authorized to make an award in this case, for the reason that the claimant failed to give notice to the employer as required by law, and there is no evidence in the record upon which the commission could excuse such notice.

"(2) The Industrial Commission has not excused the respondent's failure to give the employer notice of injury as required by law, and such failure is therefore a bar to recovery."

We will first consider the plaintiffs in error's first proposition. Section 8 of article 2, Session Laws 1915, page 584, provides:

"Notice of an injury for which compensation is payable under this act shall be given to the commission and to the employer within thirty days after injury. * * * The notice shall be in writing, and contain the name and address of the employe, and state in ordinary language, the time, place, nature and cause of the injury, and be signed, by him or by a person on his behalf. * * *"

The commission's third finding of fact was as follows:

"That the respondent had proper notice of said accident and the employe filed his claim for compensation with the commission within the statutory period."

The undisputed evidence in the record shows that the claimant received the injury complained of on the 18th day of January, 1921, and that the notice prescribed by the provisions of the act, supra, was not given until sometime in September thereafter, which shows conclusively that the commission committed an error of law in holding that the claimant gave proper notice, for the reason that there is not only an entire want of evidence tending to show that notice was given within the statutory period, but the claimant's testimony conclusively shows, to the contrary, that such notice was not given within the statutory period. This being an error of law of the commission, it is the duty of this court to review the same. St. Louis Smelting & Refining Co. et al. v. State Industrial Commission, 86 Okla. 216, 207 Pac. 734.

As to whether the foregoing error of law was waived, we will consider under plaintiffs in error's second proposition. Section 8, article 2, chapter 246, Session Laws 1915, referred to, supra, further provides:

"That failure to give such notice, unless excused by the commission either on the ground that notice for some sufficient reason could not have been given, or on the ground that the insurance carrier or employer, as the case may be, has not been prejudiced thereby, shall be a bar to any claim under this act."

It is clear from the last above quoted provision of the act that the failure of the claimant to give the statutory notice does not deprive the commission of jurisdiction or bar the claimant's claim, but authorizes the commission to excuse such failure on the ground that notice for some sufficient reason could not have been given, or on the ground that the insurance carrier or employer, as the case may be, has not been prejudiced thereby. Okmulgee Democrat Pub. Co. v. State Industrial Commission et al., 86 Okla. 62 206 Pac. 249.

The commission made no specific finding excusing the claimant for a failure to give the statutory notice, nor was any request made to the commission, by either party, so to do. The respondent and the insurance carrier were represented by counsel at both hearings before the commission, the one at Henryetta on December 22, 1921, and the one at Okmulgee on February 24, 1922, and the award of the commission was thereafter made on March 13, 1922. Neither the respondent nor the insurance carrier filed any answer or objections in writing setting up any defense, or offered any testimony at either hearing, but contented themselves with cross-examination of the claimant and his witness. The testimony of the claimant was amply sufficient to sustain the other findings of the commission, and was sufficient to sustain a finding of the commission that the insurance carrier and the employer had not been prejudiced thereby; and had the commission so found, such finding would have been conclusive upon this court.

We think that the commission's failure to make a finding that the claimant was entitled to be excused by the commission for a failure to give the notice in question within the statutory period was an oversight on the part of the commission, and that had a timely request been made of the commission to make a finding on that question, it would have done so. And if the respondents had desired to rely on the defense that they were prejudiced by the failure of the claimant to give the statutory notice, it would have been their duty to urge such defense; or by requesting the commission to make a finding in their favor on the theory urged here for the first time that they were prejudiced by the failure of the claimant to give the statutory notice. And they not having so proceeded in the trial before the commission,

we think they waived such defense. Such was substantially the holding of this court in the case of Okmulgee Democrat Publishing Co. v. State Industrial Commission, supra, wherein this court, after citing the circumstances in that case, which were similar to the facts in the instant case, said:

"Under these circumstances it is not at all likely that, even if it were shown that notice was given in strict compliance with the statute, they would have taken any other course than the one they have followed; that is, dispute their liability to the respondent under the Compensation Law until the question was finally passed upon by the court of last resort having jurisdiction over such proceedings."

In the case of Consolidated Fuel Co. et al. v. State Industrial Commission, 85 Okla. 112, 205 Pac. 170, this court stated in syllabus 4 as follows:

"When on the hearing of a complaint filed by an employe under the Workmen's Compensation Act no objection is made that such employe failed to give notice of his injury to the employer, it is unnecessary for the State Industrial Commission to make any finding or in any way excuse the failure to give such notice."

Section 8, article 4, chapter 246, page 491, Session Laws 1915, is as follows:

"The commission or commissioner or inspector in making an investigation of inquiry or conducting a hearing shall be required to preserve a complete record of all oral or documentary evidence considered, to any part of such evidence any party affected thereby may object, which objection shall be considered and passed on by the commission and preserved in the record."

The record discloses that the commission made investigation of inquiry and conducted the hearing and preserved the record of the oral and documentary evidence considered by it as required by this provision of the act, and that the respondents made no objection thereto.

And in these circumstances the employer and insurance carrier waived the right to be heard before this court on their contention that they were prejudiced by the failure of the claimant to give the statutory notice.

The award of the commission is, therefore, affirmed.

HARRISON, C. J., and McNEILL, MILLER, KENNAMER, NICHOLSON, and COCHRAN, JJ., concur.