### SOUTHWESTERN LIGHT & POWER CO. v. GOSSETT et al.

No. 24260.    Oct. 24, 1933.

V. E. McInnis and S. I. McElhoes, for petitioner.

J. Berry King, Atty. Gen., Robert D. Crowe, Asst. Atty. Gen., and Bond, Hatcher & Bond, for respondents.

CULLISON, V. C. J. On March 11, 1931, claimant, R. E. Gossett, filed with the State Industrial Commission his first notice of injury and claim for compensation, alleging therein that on June 17, 1930, while employed by the Southwestern Light & Power Company, he sustained an accidental personal injury while helping carry a heavy pole used in the building of a high line. That the pole was some 30 feet in length and between 1,000 and 1,500 pounds in weight, and while carrying the same over rough ground with the aid of five or six other men, claimant wrenched his back. Said claimant alleges that the foreman had knowledge of the accident.

The record discloses that the petitioner herein paid claimant $36 some time in April, 1931, for two weeks' compensation, and on June 4, 1931, the further sum of ·$1,080, by reason of the aforesaid injury, and sought to have the Commission approve a joint petition settlement because of said payment. The Commission did not approve the joint petition.

On March 2, 1932, the first hearing was conducted in this matter, at which time the claimant testified concerning his injury; his conversation at that time with the foreman, Mr. Palmer, and by reason thereof his being transferred to lighter work; the amount of work he had done since the accident, its location and remuneration; his present inability to work; medical treatment taken by him, and good physical condition prior to the injury. Dr. Williams testified that claimant is not now able to perform ordinary manual labor, and that claimant's condition is due to the strained muscles and ligaments by reason of the injury. Dr. P. H. Anderson testified that such an injury could have caused claimant's present condition. Dr. W. S. Flagler testified concerning certain X-ray pictures of claimant, and that the condition he found in claimant was the result of trauma, and could not be due to disease or systemic infection or focal infection; that the claimant was a young man, 28 years of age. Dr. J. O. Pilcher testified that he did not think claimant was able to do ordinary manual labor, that he had a permanent injury to his back, and that the injury caused claimant's present condition.

At the same hearing, L. A. Palmer, foreman, testified that claimant did not advise him of an injury at the time the same is alleged to have occurred, and that his first notice thereof was March 4, 1931. W. E. Cooper, R. E. Rosser, J. V. Yates, and a Mr. Caruthers testified to the general effect that, while they were on the same job with claimant at the date of his alleged injury, claimant never said anything to them concerning the injury.

Thereafter, on June 17, 1932, a second and final hearing was had at Oklahoma City before Chairman Doyle, at which time claimant testified that his condition was the same as at the last hearing, and that he was unable to do ordinary manual labor. J. W. Rowan, Glee Austin, and John M. Miller testified that they were working on the job with claimant at the time of the injury, knew of the same, and that the foreman knew of it also, referring to claimant as "crip" (cripple), and stating that he changed claimant to the gin pole instead of the pike because of his back injury.

Dr. E. Margo testified that claimant has rheumatism, and that as long as claimant runs temperature he will not be able to do full work, but will be able to work some. That he discharged claimant a year ago, thinking at that time that he would be able to go to work in 30 days. The record also contains the report of Dr. Earl D. McBride, filed with the Commission August 3, 1931, stating, in part:

"The stiffness is apparently due to a rheumatic condition, and judging from the

nature of his injury, it is possible that the injury may have exaggerated it."

Upon the foregoing testimony the Commission entered the order and award on October 26, 1932, which is complained of by petitioner at this time.

Said award found that claimant received a back injury June 17, 1930, while employed by the Southwestern Light & Power Company in a hazardous occupation coming within the Workmen's Compensation Act. That at the time of the injury claimant was making $4.80 per day. That by reason of the injury claimant has been temporarily totally disabled from June 18, 1930, to August 29, 1931, or for 62 weeks beyond the 5-day waiting period, for which he has been paid compensation at the rate of $18 per week, or a total of $1,116. That by reason of the accident claimant has a permanent partial disability, and his wage-earning capacity has decreased from $4.80 per day to $2.20 per day. That by reason of claimant's permanent partial disability he is entitled to 66 2/3 per cent. of the difference between his average weekly wages at the time of said injury and his wage-earning capacity from and after August 29, 1931, in the sum of $10.

The Commission ordered that claimant be paid $10 per week for a period not to exceed 300 weeks, computed from and after August 29, 1931, or the sum of $3,000, subject to reconsideration of the degree of such impairment by the Commission on its own motion or upon application of any party in interest. That the sum due and owing the claimant at the date of the award is compensation at $10 per week for 60 weeks and two days, or $603.33. The claimant was also ordered to pay therefrom the sum of $150 as a fair and reasonable attorney fee to his legal counsel.

In due time, petitioner filed its supersedeas bond and seeks a review of the foregoing order upon the following assignments of error:

"(1) That there was no evidence before the State Industrial Commission of the state of Oklahoma, and no finding by the State Industrial Commission of the state of Oklahoma that the respondent, Southwestern Light & Power Company, was notified of said injury by the claimant at the time and in the manner provided by law. And that said proceedings and order are void by reason of there having been no such notice as required by the laws of the state of Oklahoma.

"(2) That there was no evidence supporting the finding of the State Industrial Commission that the claimant was temporarily totally disabled from the performance of ordinary manual labor from June 19, 1930, to August 29, 1931; and that the undisputed evidence showed that claimant worked at a like gainful occupation during such period.

"(3) That there was no evidence supporting the finding that as the result of said alleged accidental injury the claimant has a permanent partial disability and that his wage-earning capacity has decreased from and after August 29, 1931.

"(4) That there was no evidence supporting the finding of the Commission that by reason of the permanent partial disability found by the Commission, the average weekly wage earning of the claimant had decreased from and after August 29, 1931. from $4.80 per day to $2.20 per day."

Under the first proposition, on the question of notice, we observe that the testimony was in direct conflict as to the actual notice of the injury by the foreman, Mr. Palmer. We further observe that at no point in the proceedings did petitioner herein file any answer or objections in writing setting up the defense of lack of notice. Neither was there dictated into the record any objection, motion, or demurrer relative to the testimony of claimant that petitioner herein had actual notice of the injury, so as to frame the issue on the question of notice. The petitioner herein contented itself with interrogating its witnesses whether or not they had actual notice of the injury. Such questions were not sufficient. In the case of Dewar Coal Mining Co. v. State Industrial Commission, 88 Okla. 24, 211 P. 76, this court held:

"When, on the hearing of a complaint filed by an employee under the Workmen's Compensation Act, no objection is made that such employee failed to give notice of his injury to the employer, it is unnecessary for the State Industrial Commission to make any finding upon that question or in any way excuse the failure to give such notice."

We further observe that there was no request made to the Commission to make a specific finding on the question of excusing the claimant for a failure to give the statutory written notice within 30 days of the injury. The Commission made no finding on the question of notice. Howbeit, the testimony of the claimant was amply sufficient to sustain the other findings of the Commission, and was sufficient to sustain a finding of the Commission that the employer had not been prejudiced thereby; and, had the Commission so found, such finding would have been conclusive upon this court.

We think that the Commission's failure to make a finding that the claimant was entitled to be excused by the Commission for a failure to give the notice in question within the statutory period was an oversight on the part of the Commission, and that, had a timely request been made of the Commission to make a finding on that question, it would have done so. And if the petitioner herein had desired to rely upon the defense that it was prejudiced by the failure of the claimant to give the statutory notice, it was its duty to have urged such defense before the Commission. And it not having so proceeded in the trial before the Commission, we think they waived such defense.

On petitioner's second proposition, attacking the sufficiency of the evidence as to a finding of temporary total disability from June 19, 1930, to August 29, 1931, we agree in part. The undisputed testimony was that following the injury of June 17, 1930, claimant returned to work for petitioner herein and worked six hours on July 23, 1930, which was the time required to take down the poles in pursuance to an injunction stopping the building of the high line, and that, on September 1, 1930, claimant started working for the city of Anadarko and worked steadily until December 26, 1930, earning 50 cents per hour. That thereafter he worked two or three days at the Anadarko Cotton Oil Company at 25 cents per hour, and that during 1931 claimant attempted to farm, but could do no more than milk and do chores. That he could neither harness the teams nor plow. That the average wages paid farm men varied from $1 to $1.50 per day. Claimant had been earning on an average of 60 cents per hour during the year preceding his injury.

This court has held, in Magnolia Petroleum Co. v. Johns, 160 Okla. 221, 16 P. (2d) 858, that an employee is not entitled to temporary total disability compensation while he is earning livelihood.

Attorneys for claimant admit in their brief that claimant was temporarily totally disabled June 18, 1930, to August 29, 1931, with the exception of the time claimant worked for the city of Anadarko, which was four months.

We consider that claimant was gainfully employed fully four months and three days during the period of time the Commission found him to have been temporarily totally disabled, and the award is erroneous in this respect. The Commission is hereby directed accordingly to correct its finding as to the period of time claimant was temporarily totally disabled.

Petitioner's third and fourth contentions are not borne out by the record. The record discloses medical testimony that claimant is permanently disabled. That said disability is such that it will probably not all be removed by treatment. That claimant's only improvement has been temporary. We do not think the Commission erred in its finding that by reason thereof claimant's wage-earning capacity had decreased from and after August 29, 1931, from $4.80 per day to $2.20 per day.

The award of the Commission is modified, with directions to deduct therefrom compensation awarded claimant for temporary total disability during the four months and three days he was gainfully employed, and as modified, the same is affirmed.

RILEY, C. J., and ANDREWS, OSBORN, BAYLESS, and WELCH, JJ., concur. SWINDALL, McNEILL, and BUSBY, JJ., absent.