TOWN OF RYAN and The State Insurance Fund, Petitioners,

v.

George A. POAGE and the State Industrial Court of the State of Oklahoma, Respondents.

No. 40577.

Supreme Court of Oklahoma.

July 14, 1964.

Mont R. Powell and Guy A. Secor, Oklahoma City, for petitioners.

B. E. Bill Harkey and Charles R. Nesbitt, Atty. Gen., Oklahoma City, for respondents.

HALLEY, Vice Chief Justice.

Parties will be referred to by their Industrial Court designations, "Respondent" and "Claimant" or by name.

Although claimant set up three injuries for which he sought compensation this appeal has only to do with the claim for compensation for the hernia for which he was allowed 5% permanent partial disability to the body as a whole for his injury, and fourteen weeks temporary total compensation. $750.00 was awarded for the permanent partial disability to the body as a whole and $490.00 was awarded for the temporary total compensation, both payable under 85 O.S.1961 § 22.

As to respondent's first contention we agree and that is the Industrial Court erred in awarding claimant 5% permanent partial disability to the body as a whole for his hernia injury. Prior to the 1957 amendment to 85 O.S.1961 § 22, it was firmly established that where an injury results in a hernia, compensation would not be awarded for permanent partial disability to the body as a whole. In Nelson Electric Mfg. Co. v. Cartwright, Okl., 277 P.2d 163, we said:

"* * * The ultimate award that may be made under 85 O.S.1951 § 22, subd. 3 for an injury resulting in hernia, except under special circum-

stances and conditions not here involved, is compensation for 14 weeks and costs of the operation, unless the hernia results in permanent total disability. Where an injury results in a hernia, compensation may not be awarded for permanent partial disability to the body as a whole, in addition to the statutory award. Patrick v. City of Tulsa, 200 Okl. 556, 197 P.2d 994; Pioneer Mills Co. v. Webster, 184 Okl. 49, 84 P.2d 642; Barnsdall Oil Co. v. State Industrial Commission, 178 Okl. 242, 62 P.2d 655."

■ In our opinion the amendment of 1957 to Section 22, does not authorize an award for permanent partial disability for one hernia. The provision on hernia prior to the amendment was as follows (Laws 1955, p. 492):

"Hernia: In case of an injury resulting in hernia, compensation for fourteen (14) weeks and the cost of the operation shall be payable; provided, that if the hernia results in total permanent disability, then the Commission may so determine said fact and award the claimant compensation for a total permanent disability."

This paragraph after amendment is as follows:

"Hernia. In case of an injury resulting in hernia, temporary total compensation for fourteen (14) weeks, and the cost of an operation shall be payable; provided, however, in any case where the injured employee has been twice previously operated for hernia in the same area and it is established by opinion of a competent surgeon that further surgery will not result in full relief of the condition, the Commission may then award compensation for disability resulting therefrom under subdivision 1 of this section, or, if not totally and permanently disabled, then under the 'Other Cases' subdivision following, and, after a second surgical attempt to repair hernia the injured may not be required to sub-

mit to further surgery in an effort to relieve the disability thereafter existing; provided, further, the use of any artificial reinforcement or device, with or without surgery, shall not be the basis of reducing extent of disability to be awarded."

There is no claim that claimant was totally and permanently disabled.

To us it is clear that for the claimant to recover under the "Other Cases" provision, which was what the Industrial Court allowed here, he must have been twice previously operated for hernia in the same area and it must be established by the opinion of a competent surgeon that further surgery will not result in full relief of the condition. Upon reaching this decision we must vacate the award for 5% permanent partial disability to the body as a whole which was in the amount of $750.00.

■ As to respondent's second proposition that the Industrial Court erred in awarding fourteen weeks temporary total compensation for the claimant's hernia injury because he received his salary while incapacitated, we cannot agree. In Williams v. Commander Mills, 181 Okl. 362, 73 P.2d 1143, 1144, we held:

" * * * The law was thereafter amended by chapter 61, S.L.1923, so as to include hernia as a separate subdivision under schedule of specific injuries. * * * "

We further held in Wilkerson Chevrolet, Inc. v. Mackey, Okl., 367 P.2d 165:

"Scheduled compensation for a specific injury is to be awarded even though there is no loss of earning power. 99 C.J.S. Workmen's Compensation § 306, p. 1106, and Nelson v. Rialto Mining Co., 194 Okl. 628, 154 P.2d 87, 89."

Under 85 O.S.1961 § 22(3), an injury resulting in hernia is considered a specific injury and an award is provided for "temporary total compensation for fourteen (14) weeks and the cost of an operation * *." Although an award for an injury resulting

in hernia consists of two forms of compensation, the award must be treated on the same footing with the single form of compensation provided for other specific injuries. Therefore, the employer can claim no credit either for the cost of the operation or the award of compensation for fourteen (14) weeks, on the grounds that claimant received a salary during part of the fourteen weeks for which he was paid compensation.

The award of the Industrial Court is vacated as to the $750.00 and sustained as to the $490.00 award, and attorneys' fee shall be adjusted proportionately.

BLACKBIRD, C. J., and JOHNSON, WILLIAMS, IRWIN and BERRY, JJ., concur.