**HARTER CONCRETE PRODUCTS and Maryland Casualty Company,
Petitioners,**

v.

**N. B. BROOKEY and State Industrial Court,
Respondents.**

**No. 43722.**

Supreme Court of Oklahoma.

June 23, 1970.

As Corrected June 30, 1970.

Robert J. Boone, Rex D. Brooks, J. Clark Russell, Oklahoma City, for petitioners.

G. T. Blankenship, Atty. Gen., for respondents.

WILLIAMS, Justice.

This is an original action wherein petitioners, respondents below, seek review of an award entered by a trial judge of the State Industrial Court, affirmed by the State Industrial Court sitting en banc, allowing the respondent N. B. Brookey, claimant below, seventy-five percent permanent partial disability to the body as a whole as the result of a third hernia sustained in the same general area of the body. Parties will be referred to as they appeared before the State Industrial Court.

Respondents contend that the award of the State Industrial Court is not sustained by sufficient evidence and is contrary to law.

Undisputed evidence is as follows: Claimant during the year 1964, while working a gasoline service station, sustained three separate inguinal hernias, two on the right side and one on the left. Each of these hernias was corrected by surgery but no workmen's compensation benefits were paid.

In February, 1967, claimant while working for the present employer sustained a second inguinal hernia on his left side. He was operated on by Dr. M. at the expense of respondent, was paid fourteen weeks statutory compensation and returned to work for respondent.

This brings us up to the present litigation. Claimant testified that on the 17th day of October, 1968, he was lifting a heavy wheelbarrow of cement while working for the respondent. He felt a stinging sensation in his left side but did not report it to respondent as he "thought it would just go away." His side continued hurting and during the month of December, 1968, he reported the accident to one Taylor, respondent's superintendent, who told him to report the claim to one Bradshaw, the employee of the respondent handling Workmen's Compensation claims and insurance matters.

Both Taylor and Bradshaw admitted the reporting of the claim by the claimant. Bradshaw sent the claimant to Dr. M., the same doctor who had operated on the claimant in 1967. Dr. M. on January 8, 1969, operated on the claimant correcting a third inguinal hernia on the left side. Claimant was paid the statutory fourteen week compensation. Bradshaw told the claimant, "that under the doctor's direction, the doctor felt that he (claimant) did not maintain the physical characteristics of doing the type of work we had to offer."

85 O.S.1961 § 22(3) both before amendment and as amended in 1968, relating to disabilities for hernias, provides:

"Hernia: In case of an injury resulting in hernia, temporary total compensation for fourteen (14) weeks, and the cost of an operation shall be payable; provided, however, in any case where the injured employee has been twice previously operated for hernia in the same area and it is established by opinion of a competent surgeon that further surgery will not result in full relief of the condition, the Commission may then award compensation for disability resulting therefrom under subdivision 1 of this section, or, if not totally and permanently disabled, then under the 'Other Cases' subdivision following, and, after a second surgical attempt to repair hernia, the injured may not be required to submit to further surgery in an effort to relieve the disability thereafter existing; provided, further, the use of any artificial reinforcement or device, with or without surgery, shall not be the basis of reducing extent of disability to be awarded.

"Other Cases: In all other classes of disabilities, excluding only those heretofore referred to in subdivision 3, which disabilities result in loss of use of any portion of an employee's body, and

which disabilities are permanent in quality but partial in character, the compensation ordered paid shall be sixty-six and two-thirds per centum (66⅔%) of the average weekly wage during that portion of the number of weeks which the partial disability of the employee bears to the total permanent disability."

The evidence is undisputed that claimant sustained two inguinal hernias to the left side of his body before sustaining the third hernia to the left side on October 17, 1968.

The medical evidence clearly establishes that "further surgery will not result in full relief of the condition" of the claimant.

Dr. G. called as a medical witness by the claimant testified: that the groin of the claimant, "is so weak that I think it will break out promptly if he does any work;" that claimant "is unable to do ordinary manual mechanical labor" and is "permanently and totally disabled." On cross-examination Dr. G. testified that he does not know of anything he could do to improve claimant's condition.

Dr. G. testified that he could not from a medical standpoint approve the claimant as a workman for the performance of ordinary manual labor.

Dr. M. called as a medical witness by the respondent testified: He knows of no reason why claimant cannot return to work and claimant has no percent of disability as the result of the last operation. He thinks the third surgery improved claimant's condition. On cross-examination Dr. M. stated that three surgeries would weaken the wound and that after five surgeries a man might have a greater chance of sustaining a sixth. He further testified that after the performance of three surgeries in the same area, claimant, at the present time cannot "perform unrestricted manual labor without fear of damage."

Claimant testified that he is unable to work except to putter around the garden a little bit; that when he works a little bit he gets sick and his side hurts. Moving pictures portraying claimant's activities during the month of June, 1969, were submitted in evidence by the respondent and exhibited to the State Industrial Court. Claimant testified that Dr. M. told him to try to perform these activities "to see if he could do any work;" that the activities made him sick, making it necessary for him to lie down and elevate his feet.

The State Industrial Court under the facts presented possessed legal authority under the provisions of 85 O.S.1961, § 22 (3), both before amendment and as amended in 1968, supra, to award the claimant a disability of seventy-five percent permanent partial disability to the body as a whole.

The evidence is conflicting but the award of the State Industrial Court is supported by reasonable, competent evidence both lay and medical.

■ We have held in many cases that the trial tribunal is the sole and ultimate arbiter for determining the credibility of medical witnesses and the weight to be accorded their testimony. It is neither the duty nor the province of this Court to weigh the evidence in order to determine where the preponderance lies. Blue Bell, Inc. v. Owens, Okl., 463 P.2d 969; Lee Way Motor Freight, Inc. v. Highfill, Okl., 429 P.2d 745; Sunray Mid-Continent Oil Company v. Hoover, Okl., 360 P.2d 710.

Award sustained.

IRWIN, C. J., BERRY, V. C. J., and DAVISON, BLACKBIRD, JACKSON, HODGES and LAVENDER, JJ., concur.