**AMERICAN TRAILERS, INC., and the Travelers Insurance Company, Petitioners,**

v.

**Howard L. WALKER and the State Industrial Court, Respondents.**

**No. 46789.**

Supreme Court of Oklahoma.

July 9, 1974.

As Corrected Oct. 7, 1974.

Rehearing Denied Oct. 8, 1974.

Ralph R. Smith, Oklahoma City, for petitioners.

Jack E. Gray, Larry Derryberry, Atty. Gen. of Oklahoma, Oklahoma City, for respondents.

BARNES, Justice:

The sole issue for review concerns propriety of a trial judge's order awarding compensation for 10 weeks total temporary disability, and 50% permanent partial disability to body as a whole, for accidental injury in course of covered employment resulting in left inguinal hernia.

The facts are undisputed. While engaged in hazardous employment for petitioner, respondent herein, claimant sustained accidental injury April 2, 1973, causing hernia. Claimant was referred to respondent's doctors, condition was diagnosed, and a surgeon recommended surgical repair. Respondent authorized surgery and paid total temporary benefits from April 3rd until June 11th, when terminated because claimant failed to report for and declined further surgery.

Claim for compensation, filed May 10, 1973, was heard July 25, 1973. The evidence showed claimant reported to clinic the day following injury as directed, and

was referred to a physician who directed claimant to return in two or three days. Upon return to the clinic, Dr. W. advised claimant he had suffered left inguinal hernia requiring surgery, and offered to perform the operation. Claimant recited a history of prior inguinal herniorrhaphys in 1962 and 1965, indicated unwillingness to undergo further surgery, and was advised there would be no point in returning to the clinic. Claimant in fact had suffered three prior hernias in the same area.

Dr. W.'s medical report for respondents, based upon physical examination, recited history of prior bilateral hernia repair and diagnosed claimant's condition as recurrent left inguinal hernia. The report stated the condition could be repaired successfully and claimant returned to full ordinary manual labor.

Claimant introduced medical evidence from two examining physicians. Dr. B. examined claimant April 30th, diagnosed condition as left inguinal hernia, and stated claimant was 50% permanently disabled for performance of manual labor while in that condition.

Dr. R.'s report included history of prior surgeries on left side and concurrence in another physician's recommendation for surgery. Examination revealed bulging of left inguinal area with scar indicating prior efforts at repair, and stated:

"It is my impression that Mr. Walker would undoubtedly benefit from a successful repair at the inguinal area but in view of prior efforts and another recurrence, the efficacy of such a procedure is less certain than usual. It is my impression that he should be considered temporarily totally disabled for the performance of ordinary manual labor as a result of the above described accidental injury should repair of this disorder be agreed upon and that his period of temporary total disability should continue for a reasonable period of convalescence. If the surgery is unsuccessful or if there is no election for surgical treatment, then it is my impression that he has 50%

partial permanent disability to the whole body for the performance of ordinary manual labor as a result of the above described accidental injury."

Claimant also introduced deposition testimony of Texas surgeons who performed earlier operations. Dr. T. testified concerning 1962 surgery for repair of recurrent bilateral inguinal hernia upon claimant after earlier hernia surgery. The left hernia was considered a new hernia at time of surgery, and was not expected to produce permanent disability unless there was a recurrence.

Dr. M.'s deposition concerned surgery performed in 1965 in Texas hospital. The physician recalled claimant's case on a personal basis, and considered it the most difficult herniorrhaphy ever performed. The physician testified at length concerning claimant's condition and surgical procedures followed in repairing bilateral inguinal hernia. He stated the operation required an unusual amount of time because of scarring from prior surgeries, and the left hernia was more severe. Culmination of scarring from prior surgeries would interfere with success of any future hernia operation. Each time hernias are repaired the chance for recurrence is greater, and claimant's prognosis for a third operation in the same area would not be good.

This witness' cross-examination disclosed that when released for return to work, claimant was advised never to lift more than 50 pounds the rest of his life. The doctor further stated that, assuming claimant suffered no further injury, no permanent disability resulted, although the likelihood of recurrence was greater for claimant than an average individual.

The trial judge's order [July 31, 1973] awarded 10 weeks temporary compensation already paid, and compensation for permanent partial disability to body as a whole.

Respondents urge three propositions as grounds for concluding the order reviewed must be vacated, and the cause remanded to the State Industrial Court with directions to enter an order awarding claimant

only the statutory benefits of 14 weeks compensation and costs of an operation. These are combined for consideration, since each is predicated upon asserted insufficiency of evidence to support this order, which respondents also urge is contrary to law.

One argument is that when injury results in "a hernia", no compensation can be awarded for disability to the body as a whole in addition to the prescribed statutory award for hernia. Several decisions are cited as authority for this claim. Recognizably, these decisions were expressive of the law prior to the amendment of 85 O.S. 1971, § 22, and applied the principle that compensation for accidental injury by hernia was limited to 8 weeks total temporary disability and costs of an operation. The State Industrial Court [then Commission] had no authority to award a greater amount unless injury was found to have resulted in permanent total disability. Pioneer Mills Co. v. Webster, 184 Okl. 49, 84 P.2d 642. In Harter Concrete Products v. Brookey [Okl.], 471 P.2d 908, the syllabus states:

> "Under the provisions of 85 O.S.1961, § 22(3), both before amendment and as amended in 1968, relating to disabilities for hernias, where the evidence establishes that the claimant sustained two prior left inguinal hernias, then sustains a third left inguinal hernia in the same area and the evidence further establishes that further surgery will not result in full relief to claimant, the State Industrial Court is authorized, if the facts so justify, to enter an award for partial permanent disability to the body as a whole."

Recognition of this rule obviates necessity for discussion of the reasoning and conclusion urged.

The principal thrust of respondents' argument is that the amended provision of § 22 cannot be construed as permitting an award for anything other than the statutory allowance of operation, and temporary compensation until a claimant has undergone the operation tendered. Perry v. Rialto Mining Corp., 201 Okl. 584, 208 P. 2d 171; Chas. M. Dunning Const. Co. v. Heck, 160 Okl. 93, 15 P.2d 988. Cursory examination of these decisions readily discloses inapplicability of that rule. The cited cases, and many others to the same effect, were determined upon factual situations which did not come within the amended provision relating to compensation for hernia, where an employee had been operated twice previously for hernia in the same area.

In respect to hernia, § 22, supra, encompasses three separate bases for awarding compensation: [1] injury resulting in hernia is compensated by awarding 14 weeks temporary compensation and costs of an operation; [2] where injury causes hernia in area which has been operated twice previously, and evidence from a competent surgeon establishes that further surgery will not afford full relief, the court may award compensation for permanent total disability; [3] where an employee is not permanently and totally disabled and has undergone two surgical procedures, he is not required to submit to further surgery to relieve disability, but may be awarded compensation for permanent partial disability under "Other Cases" subdivision of the statute.

Respondents offer extended analysis of § 22, supra, as relates to compensation for hernia, and tenuously reason that any construction of the statute, other than their own, would violate both State and Federal requirements of due process and equal protection of the laws. Apparent purpose of this argument is to support respondents' claim that competent evidence had to show further surgery would not result in full relief of claimant's condition, before State Industrial Court could award any benefits other than temporary compensation and costs of an operation. Thus, because respondents' physician stated surgery would restore claimant fully for manual labor, respondents conclude this cause must be controlled by our holding in Town of Ryan v. Poage [Okl.], 394 P.2d 485.

The problem in Poage involved the fact that the State Industrial Court included compensation for a single hernia in an award for permanent partial disability to the body as a whole, where claimant had suffered multiple injuries. That decision declared § 22, supra, as amended, did not authorize allowance of permanent partial disability as result of a single hernia and stated the following rule in its syllabus 1:

> "In case of injury resulting in hernia but the claimant is not totally and permanently disabled, the claimant is not entitled to come under the 'Other Cases' subdivision unless he has been twice previously operated for hernia in the same area."

This syllabus stated the controlling rule and is the law of the case. And, that determination was decisive of the primary issue. Unfortunately, however, there was digression from the issue in further discussion concerning the requirements for an award of compensation under the "Other Cases" provision of § 22, supra.

There was a failure to recognize any distinction between permanent total, and permanent partial, disability as defined in subdivisions 1 and 3 of the statute, in relation to injury from hernia. Elaboration and discussion of matters not involved in the review included incorrect transposition of the requirement of expert medical testimony to establish permanent total disability into that portion of § 22 dealing only with permanent partial disability. That provision contained no requirement for expert medical opinion to establish permanent partial disability, in cases where claimant had undergone two surgeries for hernia repair, but permitted partial disability to be determined, without requiring further surgery.

■ Statements in a decision neither necessary to support the conclusion reached nor applicable to the situation are dictum, and not in any way controlling. Lausten v. Lausten, 55 Okl. 518, 154 P. 1182; McKee v. Neilson [Okl.], 444 P.2d 194. Respondents' argument, clearly based upon dictum appearing in Poage, supra, is not persuasive. Statements in Poage, requiring expert medical opinion that further surgery will be unavailing to afford full relief, before compensation for permanent partial disability may be awarded a claimant who declines further surgery after two prior surgeries to repair hernia, are expressly overruled as contrary to clear provision of the statute.

■ The subject claim was heard upon the issue whether claimant was entitled to compensation for permanent total or permanent partial disability. The State Industrial Court determined claimant was entitled to compensation for permanent partial disability under "Other Cases" subdivision of § 22, supra, in view of uncontroverted evidence establishing two prior hernia surgeries and claimant's refusal to submit to further surgery. This finding is supported by competent evidence and will not be disturbed on review.

Respondents also contend the court erred in awarding temporary total compensation unless claimant was unable to work, or submitted to surgery to correct the hernia. The evidence showed claimant had been employed doing light work following injury. Error is claimed upon authority of decisions stating a claimant is not entitled to total temporary benefits while able to earn a livelihood. Southwestern Light & Power Co. v. Gossett, 166 Okl. 69, 26 P.2d 183.

Claimant testified to having accepted temporary employment at a service station following injury. The evidence showed claimant's duties involved sitting in the office or running errands, did not require usual duties of a station attendant, and claimant was free to remain at work or go home when necessary. There was no evidence disclosing the remuneration received from employment.

■ Evidence that claimant has done, or is capable of performing, light work will not require vacation of an award for total temporary benefits if there is competent evidence to support the award. U. S. Gypsum Co. v. Rauh [Okl.], 318 P.2d 864.

Therefore, evidence disclosing claimant's employment at light work during the period for which total temporary benefits were awarded him is not sufficient to provide grounds for vacating this portion of his award.

Award sustained.

DAVISON, C. J., WILLIAMS, V. C. J., and BERRY, HODGES and SIMMS, JJ., concur.

LAVENDER, J., dissents.