**CITY OF ALTUS and the State Insurance Fund, Petitioners,**

v.

**Jerome GLENDENNING and the State Industrial Court, Respondents.**

**No. 48327.**

Supreme Court of Oklahoma.

April 6, 1976.

Charles E. Payne and Sam Hill, Oklahoma City, for petitioners.

Waldo T. Oden, Oden & Oden, Altus, Paul Pugh, Oklahoma City, for respondents.

DAVISON, Justice.

A trial judge awarded compensation for total permanent disability resulting from numerous hernias sustained in course of covered employment. The order was affirmed by State Industrial Court on en banc appeal and petitioners, hereafter respondents, have perfected this proceeding for review.

The issues presented question the correctness of the award because of asserted speculative nature of medical evidence as to total disability; and because under the evidence claimant's only recovery should be limited to statutory compensation (85 O.S. 1971 § 22) and medical expenses. Uncontraverted evidence establishes matters hereafter summarized.

While employed by respondent in 1969, claimant received accidental injury which required hospitalization and surgical repair (Dr. W.) of a right inguinal hernia. There is a discrepancy in the evidence as to whether this was a hernia on left or right side. Claimant was paid wages and returned to work in four weeks. Hospital and medical expenses were covered by insurance and claimant did not file claim for compensation.

November 3, 1972, claimant sustained accidental injury resulting in recurrent right

hernia at site of prior surgery, together with left inguinal hernia. Hospitalization and surgical repair was accomplished by Dr. T., and necessary expenses apparently were borne by employee's insurance, supplemented by claimant. Claimant's wages were paid during four weeks away from work and claimant returned to work after medical discharge. There is no indication claimant ever was advised of his right to claim compensation.

In September, 1973, claimant suffered recurrent left inguinal hernia at site of prior surgery. This was repaired by Dr. T. on October 11, 1973, and claimant progressed satisfactorily until November 26, 1973, when Dr. T. ascertained there had been a recurrence. Surgery was postponed for six months until claimant had further insurance coverage. Further surgery on July 10, 1974, disclosed recurrence of hernia in same area of left side. During this surgery, claimant's left testicle and spermatic cord were removed with difficulty, occasioned by scar tissue, and a plastic surgical support (tef-nylon) was inserted and became a part of the repaired area.

Claimant had been unable to work after injury in September, 1973. In August, 1974, claimant seemed in good condition but would not be released for six weeks, and could not be released for work until six months after surgery. Medical and hospital charges for 1973 and 1974 surgeries remained unpaid.

Dr. T.'s deposition testimony reflected after first operation, claimant had been given strict instructions against lifting for six weeks following surgery, after which activities could be increased gradually. The possibility of recurrence of hernia following surgery varies between individuals, and fact claimant does not have good tissue probably accounted for recurrence. Number of surgeries indicated claimant's tissues would not hold as well as average person. This fact would make restrictions on claimant lifting anything more strict for a time.

Claimant's medical evidence was introduced by deposition of Dr. A., based upon claimant's medical history and physical examination. This doctor was of the opinion claimant was totally and permanently disabled for ordinary manual labor. Resumption of work would be at a great risk of reoccurrence and again necessitate surgery, although this was medically contraindicated. The probability of recurrence was an important factor for consideration within this doctor's opinion.

Claimant was considered totally disabled because of the risk involved in doing many things would be greater than justified. Claimant did not have a hernia when examined, and medical prediction as to reoccurrence could not be made with absolute accuracy. Return to work would expose claimant to injury. Reoccurrence of further injury was not speculative as the physician considered further injury would be a foregone conclusion.

Respondent's principal contention insists the medical evidence is lacking in probative value and cannot support this award. The argument is that prior hernias were successfully repaired, hence possibility another hernia might occur upon return to work is too indefinite, equivocal and inconsistent to support the award, since based upon a present condition.

This argument simply goes to the weight and quality of the medical evidence. Respondent's physician admitted claimant's tissues did not hold as well as those of an average person, and probably caused recurrence. Contra, claimant's physician acknowledged effect of prior surgeries, and considered reoccurrence of hernia a foregone conclusion in the event claimant attempted to return to work. Whether claimant had recovered fully and had been restored to health by the last surgery was not established with clarity. The tenor of claimant's medical evidence simply was that everything possible had been done surgically to restore claimant's ability to perform ordinary manual labor. These efforts however, had not accomplished the desired effect, and claimant's bodily structure

no longer could tolerate ordinary manual labor.

■■■ This evidence unequivocally disclosed claimant suffered an existing total permanent disability for ordinary manual labor, and prior surgeries had not remedied the condition causing disability. This evidence fixed a degree of present permanent disability. The fact this physician also stated further attempt to resume work would involve great risk did not destroy probative value of this testimony. *Bill Morris Tank Co. v. Martin,* Okl., 349 P.2d 15; *Groendyke Transport, Inc. v. Willson,* Okl., 527 P.2d 1364. An award of compensation rests upon competent evidence when supported by the general tenor and intent of medical testimony. *Cassidy, etc. v. Harding,* Okl., 451 P.2d 698.

Our decision in *American Trailers, Inc. v. Walker,* Okl., 526 P.2d 1150, 1153 stated:

"In respect to hernia, § 22, supra, encompasses three separate bases for awarding compensation: [1] injury resulting in hernia is compensated by awarding 14 weeks temporary compensation and costs of an operation; [2] where injury causes hernia in area which has been operated twice previously, and evidence from a competent surgeon establishes that further surgery will not afford full relief, the court may award compensation for permanent total disability; [3] where an employee is not permanently and totally disabled and has undergone two surgical procedures, he is not required to submit to further surgery to relieve disability, but may be awarded compensation for permanent partial disability under 'Other Cases' subdivision of the statute."

Respondents initially asserted, because claimant's last hernia had been repaired successfully, compensation could be awarded only under [1] above, and therefore was limited to fourteen weeks total compensation and costs of the operation. This claim obviously was untenable in view of [3] above. In their reply, this claim is expanded by argument that this order cannot be sustained under [2], for lack of competent evidence to show further surgery will not afford full relief. This argument rests upon the claim medical evidence showed claimant's last hernia had been repaired successfully. From this, respondents conclude evidence of "successful" surgical repair precludes a finding of disability.

■■■ In view of medical evidence of claimant's poor prognosis, this argument is unpersuasive. This is true particularly when measured by evidentiary factors in *Walker,* supra, recognizing successive herniorraphys increase possibility of recurrence. Even respondents' medical evidence showed claimant did not have good body tissue, and recurrence of hernia could be precipitated by normal activity, i. e., getting up or sitting down, rather than hard labor. Following surgery in September, 1973, claimant suffered recurrent left inguinal hernia without strain or known cause.

Numerous decisions declare medical evidence supporting claim for compensation need not be given with legalistic precision. Criterion for measuring probative value is whether this evidence from a consistent context establishes both presence and extent of existing permanent disability which has resulted from accidental injury. The general tenor and intent of Dr. A's testimony reflected permanent total disability for performance of manual labor resulted from multiple surgeries, and further surgery was a foregone conclusion if claimant attempted to return to work. We are of the opinion the medical testimony sufficiently meets the evidentiary requirements in *Willson,* supra, and cases cited.

Acceptance of respondent's argument would require us to ignore competent evidence of presence and extent of existing disability in favor of other medical evidence tending to show successful surgical repair. This would necessitate disregard of the established principle that weight and credibility of medical evidence is exclusively for determination of State Industrial Court. *City of Nichols Hills v. Hill,* 534 P. 2d 931 (Okl.)

The award of the State Industrial Court is sustained by competent evidence.

AWARD SUSTAINED.

HODGES, V. C. J., and IRWIN, BERRY, LAVENDER, BARNES, SIMMS and DOOLIN, JJ., concur.