## PETER JAKUTIS'S CASE.

Suffolk.    March 9, 1921. — April 7, 1921.

Present: RUGG, C. J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Workmen's Compensation Act*, Amount of compensation, Findings of Industrial Accident Board.

An employee is not entitled, under cl. (*c*) of § 11 of Part II of the workmen's compensation act as amended, to additional compensation for specified injuries to fingers, for a period beyond twenty-five weeks if his injury has not rendered the fingers specified permanently incapable of use.

Findings of the Industrial Accident Board which are supported by evidence are final and cannot be reviewed by this court.

Weekly payments awarded to an adult injured employee under the workmen's compensation act cannot be redeemed under St. 1911, c. 751, Part II, § 22, as amended by St. 1914, c. 708, § 8, if the parties do not agree to such redemption.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of two decisions of the Industrial Accident Board. The first decision, rendered on June 1, 1920, was that the injury received by Peter Jakutis, while in the employ of the Somerville Auto Wheel and Body Company on March 10, 1919, when portions of his thumb and four fingers of his right hand were traumatically amputated, did not make that hand permanently incapable of use as a hand, so that he was not entitled to specific compensation beyond twenty-five weeks, but that compensation at the rate of $14 a week be continued. The second decision, rendered on November 22, 1920, was that the employee's injury was not due to the serious and wilful misconduct of the subscriber or of any person exercising the powers of superintendence under Part II, § 3 of the act, that the employee continued to be totally incapacitated under the act as a result of the injury, and that he still was entitled to a continuance of the weekly compensation of $14 per week.

In the Superior Court, the case was heard by *Sisk*, J., by whose order a decree was entered in accordance with the decree of the Industrial Accident Board. The claimant appealed.

*P. Jakutis*, claimant, *pro se.*

*W. I. Badger* & *L. C. Doyle*, for the insurer, submitted a brief.

JENNEY, J. The employee in person has argued fully and with much earnestness that he is aggrieved by the decree of the Superior Court following and establishing the findings of the Industrial Accident Board. The entire record has been examined with care. The questions claimed to be involved relate to the contentions of the employee (1) that the specific compensation to which he had been entitled because of the traumatic amputation of his thumb and parts of all the other fingers of his right hand has been discontinued wrongfully; (2) that he is entitled to double compensation because his injury was caused by serious and wilful misconduct for which his employers were responsible; and (3) that he is entitled to have his weekly instalments "redeemed by the payment of . . . a lump sum."

The first of these claims is untenable because the statute creating the rights of the employee to specific compensation limits the payments therefor to twenty-five weeks except where the hand is rendered permanently incapable of use. *Floccher's Case,* 221 Mass. 54. *Lacione's Case,* 227 Mass. 269. The finding of the board that the injury to the employee did not render his hand permanently incapable of use, being supported by evidence, was final. It cannot be reviewed by this court. St. 1911, c. 751, Part III, § 11, as amended by St. 1912, c. 571, § 14, and St. 1917, c. 297, § 7. *Herrick's Case,* 217 Mass. 111. *Amodio's Case,* 233 Mass. 104. For the reason last given, the second claim cannot prevail. Nor can the third ground be sustained; as the employee is of age, his weekly payments cannot be redeemed by the payment of a lump sum except after they have been continued for not less than six months, and except by agreement of the parties and the determination of the board that it is for the best interests of the employee. St. 1911, c. 751, Part II, § 22, as amended by St. 1914, c. 708, § 8. *McCarthy's Case,* 226 Mass. 444. Here there has been no agreement to redeem the payments, and that lack forbids action.

*Decree affirmed.*