**CROWE COAL CO. et al. v. SWINDELL et al.**

No. 15465—Opinion Filed April 21, 1925.

**1. Master and Servant — Workmen's Compensation—Award for Hernia Caused by Accident.**

Accidental injury of employe resulting in hernia, under the Workmen's Compensation Act, chap. 61, sec. 6, Sess. Laws 1923, amending section 7290, Comp. St. 1921, is subject to compensation provided in the act for eight weeks, unless the injury results in a "total permanent disability," and, in such case, is subject to compensation not exceeding 500 weeks.

**2. Same—Right to Second Award.**

After an award of compensation under said act has been made for eight weeks, a second award is unauthorized, without a finding of total permanent disability.

(Syllabus by Threadgill, C.)

Commissioners' Opinion Division No. 3.

Error from Industrial Commission.

Original action by Crowe Coal Company and Consolidated Underwriters against Tom Swindell and State Industrial Commission, as respondents, to reverse and vacate award of workmen's compensation. Reversed.

Hummer & Foster and Con. Murphy, Jr., for petitioners.

Geo. F. Short, Atty. Gen., for respondents.

Opinion by THREADGILL, C. This appeal is from an order of the Industrial Commission awarding compensation for temporary permanent disability in an action of accidental injury resulting in a left inguinal hernia. The facts are undisputed and about as follows:

The claimant sustained the injury in the employment of the Crowe Coal Company in August, 1923, and was awarded and paid compensation for eight weeks and receipt for same filed with Industrial Commission. On September 7, 1923, as a part of the compensation, the claimant was operated on and treated by a physician furnished by the company, and at its expense, and the operation and treatment were successful and resulted in a complete cure of the hernia; however, after the wound healed and the claimant was up, he suffered pain in the scar of the operation resulting in physical discomfort which prevented his doing any sort of manual labor. The coal company furnished him another physician, who examined him, and finding the nerves pinched by the scar of the operation (a common occurrence), dissected the scar, releasing the pres-

sure on the nerves and relieving the pain and restoring normal condition of comfort. The second operation was on February 9, 1924. The claimant was disabled from work by reason of the pain after the first operation had healed from about October 2, 1922, to March 24, 1924, being 24 weeks, and, upon application for that purpose, the Commission reopened the case for further evidence and consideration as to claimant's disability, and, upon hearing the evidence they found:

"That as a result of said accident the claimant sustained a left inguinal hernia. That thereafter on or about September 7th respondent insurance carrier tendered claimant the services of a competent surgeon to perform an operation for said injury, which tender was accepted by the claimant; that the operation was performed on or about September 7, 1923; that as a result thereof the hernia sustained by the claimant was cured, but that, without fault on the part of the surgeon performing the operation, certain nerves were caught in the scar which formed at the site of the incision made in said operation causing continuous pain and resulting in a total temporary disability from the performance of manual labor; that thereafter on or about February 9, 1924, a further operation was performed which consisted of dissecting said scar and releasing the nerves caught therein; that the claimant's temporary disability resulting from said nerves being caught in said scar terminated on March 24, 1924."

And for the 24 weeks awarded the claimant compensation for the "temporary total disability."

Plaintiffs contend that this award was made without any authority of law, and this is the only question in the case.

The Workmen's Compensation Act of this state, as amended by chapter 61 of the Session Laws of 1923, under section 6 of said act, sets out the schedule of compensation for the various classes of injuries that are classified as they result in (1) "permanent total disability"; (2) "temporary total disability"; (3) "permanent partial disability"; (4) "temporary partial disability."

The injury resulting in hernia is placed in the third division, but from the description of the injuries in this class, as to the loss of a hand or an arm or a foot, etc., and the description of the injury resulting in hernia, the latter does not seem to fall entirely in this class as a permanent partial disability, but rather under the second class, as temporary total disability, and it may also come under the first class, as permanent total disability. However, whether

it falls by description in the second or third class, the act places it in the third class and the compensation provided does not exceed eight weeks, unless the evidence shows that the injury resulting is permanent, and then the compensation provided is the same as for the first class in case of permanent total disability, and is limited to 500 weeks. The language of the provision is as follows:

"Hernia: In the case of an injury resulting in hernia, compensation for eight weeks, and the cost of operation shall be payable; provided, that if the hernia results in a total permanent disability, then the commission may so determine said fact and award the claimant compensation for a total permanent disability."

In the order appealed from the Commission found that the claimant had received compensation for eight weeks for the injury resulting from hernia, and that the disability, resulting from the nerves being pinched in the scar of the operation, was temporary total disability, and the evidence supports this finding, and the order for compensation for 24 weeks in addition to the eight weeks is based poin this finding. This second order for compensation is beyond the provision of the statute, as above construed as eight weeks' compensation had already been awarded and paid for the injury provided for in the act, and there was no finding that the disability was permanent, and, therefore, the award was unauthorized. 28 R. C. L. 823, paragraph 110; Jakutis' Case (Mass.) 130 N. E. 637.

We, therefore, recommend that the award for the 24 weeks be vacated and the cause be dismissed.

By the Court: It is so ordered.