**SOUTHLAND GASOLINE CO. et al. v. BOWLIN et al.**

No. 22299.    Opinion Filed Oct. 6, 1931.

Owen & Looney, Paul N. Lindsey, and J. Fred Swanson, for petitioners.

Robert D. Crowe, Asst. Atty. Gen., for respondent.

CULLISON, J.    This is an original action to review an order and an award entered by the State Industrial Commission, March 30, 1931, in favor of Thos. L. Bowlin, claimant, and against Southland Gasoline Company, employer, and its insurance carrier, the United States Fidelity & Guaranty Company, petitioners herein.

The Commission found:

"(1)    That on the 7th day of August, 1930, claimant was in the employment of the respondent, and engaged in a hazardous occupation subject to and covered by the provisions of the Workmen's Compensation Law, and that on said date, claimant sustained an accidental injury, arising out of and in the course of his employment, causing a ventral hernia. * * *

"(3)    That by reason of said accidental injury, the claimant has been temporarily totally disabled from the date of said injury to the date of this hearing, and still is disabled from doing his ordinary manual labor.

"(4)    That it is too early to determine the claimant's permanent partial or permanent total disability; and that claimant is to be furnished medical care necessary, and to

pay all reasonable medical bills, as result of said injury."

Based upon said findings the Commission ordered the respondent and insurance carrier to pay the claimant temporary total compensation for a period of 31 weeks at $17.31 per week and to continue said payment until further order of the Commission.

It will be observed that the Commission found: First, that claimant sustained an injury resulting in ventral hernia; second, that the claimant's injury was temporary total disability; and, third, awarded claimant compensation for 31 weeks, and to continue said payment until further order of the Commission.

To which findings of fact and conclusions of law, the respondents objected. Respondents assign two errors for our consideration:

### Proposition 1.

"The Commission erred in finding that the claimant was temporarily (totally) disabled, and in awarding compensation in excess of eight weeks and the cost of an operation for a ventral hernia."

Section 7290, C. O. S. 1921, as amended by S. L. 1923, ch. 61, sec. 6, specifically provides the schedule of compensation for an injury resulting in hernia. The applicable part of said section 7290, supra, reads as follows:

"Hernia. In the case of an injury resulting in hernia, compensation for eight weeks and the cost of the operation shall be payable; provided, that if the hernia results in a total permanent disability, then the Commission may so determine the said fact and award the claimant compensation for a permanent total disability."

It will be remembered the Commission found that the claimant had sustained a temporary total disability only. The Commission made no finding that the injury was a permanent total disability. The Commission having found that claimant sustained an accidental injury resulting in hernia, and having found that the disability was a temporary total disability only, it was not clothed with power to award compensation for exceeding a period of eight weeks. The Commission having made no finding that the claimant's injury was permanent, it was without power to award compensation for the extra 23 weeks as shown by the order made March 30, 1931.

In Crowe Coal Co. v. Swindell, 109 Okla. 275, 235 Pac. 614, the court, in the first and second paragraphs of the syllabus, said:

"(1) Accidental injury of employee resulting in hernia, under the Workmen's Compensation Act, chapter 61, sec. 6, Session Laws 1923, amending section 7290, C. O. S. 1921, is subject to compensation provided in the act for eight weeks, unless the injury results in a 'total permanent disability,' and, in such case, is subject to compensation not exceeding 500 weeks.

"(2) After an award of compensation under said act has been made for eight weeks, a second award is unauthorized, without a finding of total permanent disability."

Where the statute fixes the number of weeks that the payment for various specific injuries shall continue, it is, of course, error to award compensation for a longer time. 28 R. C. L., Workmen's Compensation Act, section 110, page 823.

Under the findings of fact made by the Commission, the award of compensation for a greater period than eight weeks was unauthorized. The award in the instant case is therefore modified and affirmed in conformity with this opinion.

The petitioners, for their second assignment of error, say:

### Proposition 2.

"The Commission erred in the amount of weekly compensation allowed the claimant."

Suffice to say that the Commission found:

"That the average daily wage of claimant at the date of said accidental injury was $4.50"

—and in view of the well-known rule of this court that all findings of fact made by the Industrial Commission are conclusive upon this court when it appears that there was evidence reasonably tending to support such finding, the same will not be disturbed by this court on review.

The order and award of the Industrial Commission is modified in conformity with this opinion, and as modified, the same is affirmed.

RILEY, HEFNER, SWINDALL, ANDREWS, and McNEILL, JJ., concur. LESTER, C. J., CLARK, V. C. J., and KORNEGAY, J., dissent.