### W. C. NEWSOM CORP. et al. v. THETFORD.

No. 23013. Opinion Filed March 8, 1932.

Jas. C. Cheek and Frank E. Lee, for petitioners.

Emerson & Carey and Duncan & De Parade, for respondent.

KORNEGAY, J. This is an original proceeding to review the findings and award of the Industrial Commission, which are as follows:

"1. That claimant herein, on the 27th day of December, 1930, was in the employment of this respondent and engaged in the performance of manual labor as defined by the Workmen's Compensation Law.

"2. That arising out of and in the course of such employment with respondent herein, claimant sustained an accidental personal injury on December 27, 1930; the nature of said injury being to his back and side, resulting in a hernia and injured back.

"3. That the average daily wage of claimant at the time of said injury was $10 per day.

"4. That claimant, W. S. Thetford, is now and has at all times since injury, been temporarily totally disabled.

"The Commission is of the opinion: By reason of aforesaid facts, that claimant is entitled under the law to eight weeks' compensation at the rate of $18 per week, amounting to $144 and the cost of an operation to correct said hernia.

"The Commission is of the further opinion: That claimant is entitled to compensation at the rate of $18 per week, until otherwise ordered by the Commission; that there is now due claimant a total of 30 weeks' compensation, computed from February 27, 1931, to September 24, 1931, in the total sum of $540, and to continue compensation thereafter.

"It is therefore ordered: That within 15 days from this date, the respondent or its insurance carrier pay the claimant the sum of $144, being eight weeks' compensation, computed from the 27th day of December, 1930, to February 26, 1931, and also pay said claimant the sum of $540, or 30 weeks' compensation computed from February 27, 1931, to September 24, 1931, and to continue paying compensation to the claimant at the rate of $18 per week, until otherwise ordered by the Commission.

"It is further ordered: That within 30 days from this date, the respondent or insurance carrier herein file with the Commission proper receipt or other report evidencing compliance with the terms of this order."

A careful reading of the record in connection with the briefs is convincing that

the claimant below was hurt while in the employ of two of the petitioners, the other being their insurance carrier, the nature of the hurts being contested by the parties. As a result of the accident, hernia followed and an operation was had for it, the first operation not being successful; the second operation being performed by the same surgeons, without cost, was successful. This hernia was on the left side in the inguinal region. All parties concede that there is another hernia on the right side.

With a view of giving testimony in this case, four X-ray plates were taken of the lower part of the spine and the pelvic region. Different experts interpreted these X-ray plates, some belittling them, apparently, some magnifying them, depending largely upon the viewpoint of the expert. The surgeons who performed the operation for the hernia attributed the pains in the pelvic region and the lower lumbar regions to the hernia, which 'they thought they cured by the operation. Other experts pronounced the man totally disabled. Some thought that the X-ray pictures indicated a fracture of one of the lumbar vertebrae.

Apparently all agreed that the X-rays showed a "productive" process going on between two of those vertebrae. Some called it osteoarthritis, and thought that it was caused by focal infection that was indefinitely located. Some attributed it directly to the effect of the twisting action of the body at the time that the claimant's foot slipped from one wire while he was engaged in pulling for all he could upon some other wire and was straddling a third wire.

The claimant himself described a condition of inability to work. There were intimations in the brief of petitioners that the claimant was on the order of the malingerer. We find the following in the brief of the petitioners:

"The record discloses that the claimant was entirely unsupported by the physicians who attended him. He was a resident of Okmulgee at which place he was attended by physicians following the date of the accident. All of those physicians testified before the Industrial Commission. The claimant had no support. He then asked that the hearing be continued to Oklahoma City where experts could be obtained who would testify in support of his claim for compensation at Oklahoma City that character of testimony is available."

In further comment, we find the following:

"Especially for the reasons set forth in the first proposition, to wit: That unless the Commission finds that the injury resulting in a hernia is followed by total permanent disability, no further compensation may be allowed, we urge that this case be reversed, with directions to dismiss it.

"We further feel that a reading of the entire record will disclose that this claimant could not have been injured in his back by the character of accident in which he was involved, and that the court will take judicial notice of the fact that such a condition is to be found in a man of the claimant's age and will not affect his ability to work and labor if he is disposed and willing to do so.

"As to experts procured by the claimant to bolster up his case, we are reminded of the lines in Shakespeare's Merchant of Venice, that 'the devil may cite Scripture for his purpose.' To procure a so-called medical expert, on any desired point, is not difficult."

The entire record, both that which is quoted in the briefs and that which appears in the record proper, convinces us that the man was hurt and is hurt. The Commission saw him. They heard the testimony of the witnesses. They compared the claims of the experts. They saw the X-ray plates. They observed the man and his demeanor. They made the finding above set out. We are not able to say that there was not sufficient evidence to support the finding.

The case of Southland Gasoline Co. v. Bowline, 152 Okla. 117, 3 P. (2d) 663, decided by this court on October 9, 1931, is cited as laying down the measure of compensation in a hernia case. The proposition that the Commission was dealing with here was not so much the hernia. which is an injury to the abdominal wall, but was an injury to a bony structure, resulting in stiffening of the backbone, with some of the joints throwing out more bone than was natural, and probably a break in a vertebra, as claimed by some of the experts, resulting in lipping and dislocation, as shown by outside witnesses, 'and accompanied by severe pain, as declared by the sufferer, and inability to work.

Under the statute creating the Commission, its finding on questions of fact. if reasonably supported by evidence, is made conclusive. The compensation allowed here is temporary. The one for hernia has probably been disposed of, but the second one that was discovered, while they were examining with reference to the back and pelvic bones, is still there, and such injuries as exist in the bones still remained, and the Commission had a right to deal with those, under all views of the case.

The award is therefore affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, and McNEILL, JJ., concur. ANDREWS, J., absent.