## EMPIRE OIL & REFINING CO. v. MYERS et al.

No. 26868.    Sept. 8, 1936.

James W. Finley, Hayes McCoy, and Charles C. Julien, for petitioner.

Allen G. Nichols, A. C. Kidd, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. On June 30, 1932, Allen G. Myers filed his first employee's notice in which he stated that he had suffered an ac-

cident resulting in an injury on June 6, 1932. As a result of this accident he sustained a hernia and was operated on July 18, 1932. The first hearing upon the claim was had before Hon. Lon Morris on July 14, 1932, which was prior to the date of the operation, and at this hearing it was the constant request of the claimant that he be operated on by Dr. Grimes at Wewoka. Subsequent to this date, and on the 18th day of July, 1932, he was operated on by Dr. Webber, a physician and surgeon employed and chosen by the petitioner at a hospital in Bartlesville. Subsequent to the operation, and on December 10, 1932, at a hearing before Hon. T. J. McConville, Dr. J. D. McGovern testified that he had examined claimant about two months before the hearing; that he found an operation for inguinal hernia, and that at the time of the hearing in his opinion claimant was totally disabled from performing any gainful labor. He stated that in his opinion the operation was resulting in an atrophied left testicle; not a severe atrophy, mild at times, but an interference with circulation; that such injury was a result of the healing of the operation, which injury would result in severe pain; that it might relieve itself in a few months or might result in permanent damage; that such injury caused a resulting disability totally incapacitating claimant for work; that the injury resulted from a restriction of the cord, resulting from a constriction of the scar tissue in the healing process.

Dr. John Grimes also testified for the claimant and stated that he attributed the injury to the constriction of the cord at the new ring where the hernia was repaired; that it was permanent; that in his opinion claimant was permanently and totally disabled for manual duty or for ordinary oil field labor as a result of the operation performed on July 18, 1932, for hernia. Subsequent to this testimony there was a hearing on March 20, 1933, before William Nobel, inspector at Bartlesville, Okla., and another at Oklahoma City March 28, 1933, before T. J. McConville, and a hearing on May 18, 1933, before the same inspector.

On September 15, 1933, the commission entered its first order finding that the claimant suffered an injury resulting in a hernia, and that his average daily wage was $4.50 and ordered him paid under the subdivision of the statute with relation to hernia. A motion to reopen was filed December 21, 1933, by claimant, and an amendment to a motion to reopen filed February 3, 1934, and the case was reopened, and at the hearing of February 19, 1934, before Inspector T. J. McConville, there was the final hearing had in this cause. Several physicians and surgeons testified on behalf of petitioner, and if their testimony is to be believed the hernia was completely healed and the operation was successful and the claimant is suffering no disability. Upon an order for medical examination entered by the commission under the date of the 23rd day of March, 1935, Dr. Leroy Long, Sr., filed a report under date of April 6, 1935, and in this report it is stated that in his opinion the claimant was unable to work and advised hospitalization and rest for a few weeks and the employment of anti-spasmodic agents, the occasional passage of urethral sounds, and other appropriate treatments for neuralgia involving the nerves of the spermatic cord. And at that time he gave as his opinion that the claimant was suffering pain associated with some downward pull on the spermatic cord which continues from the tender globus minor.

The court thereafter, under the date of November 27, 1935, entered its only award other than the award for the specific payment for hernia as set out above. The pertinent portions of the award are as follows:

"That on the 15th day of September, 1933, the State Industrial Commission made and entered an order awarding the claimant eight weeks' compensation at the rate of $17.31 per week, and the cost of an operation for the correction of a hernia sustained by the claimant on June 6, 1932, while engaged in a hazardous occupation subject to and covered by the provisions of the Workmen's Compensation Law, and arising out of the course of his employment with the respondent.

"2. That on or about July 18, 1932, the respondents through their physicians operated on the claimant for the correction of said hernia.

"3. That on December 21, 1933, the claimant filed a motion with the commission to reopen this cause and award further compensation, and an amended motion to reopen the same on February 3, 1934, and alleging that the claimant has sustained a disability by reason of the unsuccessful operation for the repair of said hernia.

"4. That by reason of said operation for the repair of said hernia, the claimant has sustained permanent partial disability, or a decrease in wage-earning capacity from $4.50 per day to $1.50 per day from and after the 21st day of December, 1933, and is entitled to sixty-six and two-thirds per centum of the difference between his average wage-earning capacity at the time of said injury and his average wage-earning

capacity from and after the 21st day of December, 1933, not to exceed 300 weeks."

This proceeding is brought to vacate such award and the second proposition urged by the petitioner is that there is no competent evidence in the record to support the findings of the commission. We have set out above in some respects the testimony of the two doctors who testified for claimant. Their testimony was never changed and their opinion remained the same throughout all of the proceedings indicated above. We are of the opinion and hold that there is competent evidence to sustain the award, and the argument of the petitioner, though excellent, deals with the weight of the evidence rather than the competency thereof to sustain the finding of the commission. We have repeatedly held that where there is any competent evidence to sustain the findings of fact made by the commission, such findings of fact will not be disturbed. Southwestern Light & Power Co. v. Gossett, 166 Okla. 69, 26 P. (2d) 183; Humble Oil & Ref. Co. v. Phelps, 166 Okla. 55, 26 P. (2d) 207. In Briscoe Const. Co. v. Listerman, 163 Okla. 17, 20 P. (2d) 560, we said:

"The board is at liberty to refuse to give credence to any portion of the evidence which in its opinion is not entitled to credence, nor are they required to give credence to the greater amount of evidence as against the lesser."

See, also, Standard Roofing & Material Co. v. Mosley, 176 Okla. 517, 56 P. (2d) 847.

We next come to the first proposition in which the petitioner has joined allegations of error Nos. 1 and 4, which is to the effect that where compensation is paid under subdivision 2 of section 13356, O. S. 1931, unless the injury results in a total and permanent disability, the commission is without authority to enter any further award based upon the accidental injury which results in a hernia, and petitioner cites in support thereof the following cases: Crowe Coal Co. v. Swindell, 109 Okla. 275, 235 P. 614; Southland Gasoline Co. v. Bowlin, 152 Okla. 117, 3 P. (2d) 663, and Tom Slick Oil Co. v. Sullivan, 167 Okla. 72, 26 P. (2d) 926. In Crowe Coal Co. v. Swindell, supra, the claimant was operated on for hernia, leaving a nerve caught, which the writer of the opinion states in parenthesis is a common occurrence. A second operation resulted in a complete cure. The commission awarded payment for the disability arising from the injury resulting, represented by the time between the first operation for the hernia and the second operation for the hernia, and in that opinion the court said:

"The injury resulting in hernia is placed in the third division. * * * However, whether it falls by description in the second or third class, the act places it in the third class, and the compensation provided does not exceed 8 weeks, **unless the evidence shows that the injury resulting is permanent, and then the compensation provided is the same as for the first class, in case of permanent total disability, and is limited to 500 weeks.**" (Emphasis ours.)

By reference to the award it will be seen that it was entered for a temporary total disability, and although the language used in the syllabus appears to restrict the results of the operation as a basis of a computation of an award to a resulting permanent total disability, that issue does not appear to have been before the court at that time. It will be seen that the writer of that opinion under his statement of facts places the injury as arising by virtue of simple hernia which was completely cured. In Southland Gasoline Co. v. Bowlin, supra, no operation was performed, and the court said:

"The commission having found that claimant sustained an accidental injury resulting in hernia and having found that the disability was a temporary total disability only, it was not clothed with power to award compensation for exceeding a period of eight weeks.

"The commission having made no finding that the claimant's injury was permanent, it was without power to award compensation for the extra 23 weeks as shown by the order made March 30, 1931.

"In Crowe Coal Co. v. Swindell, 109 Okla. 275, 235 P. 614, the court, in the first and second paragraphs of the syllabus, said:

" '1. Accidental injury of employee resulting in hernia, under the Workmen's Compensation Act, c. 61, section 6, Sess. Laws 1923, amending section 7290, C. O. S. 1921, is subject to compensation provided in the act for 8 weeks, unless the injury results in a "total permanent disability," and, in such case, is subject to compensation not exceeding 500 weeks.' "

In Tom Slick Oil Co. v. Sullivan, supra, Mr. Justice Osborn, speaking for the court, declared the principle to be that the responsibility resting upon the employer to cause to be performed the necessary operation to cure hernia resulting from an injury received in the course of employment by employer can only be relieved by the tender of such operation to the employee and his refusal to accept the same.

As set out in the third paragraph of the syllabus, that opinion dealt with the con-

sequent liability of such employer, where an unreasonable length of time had intervened, and refused to apply subdivision 3, of section 13356, O. S. 1931, the provision relating to a simple hernia. In the case of Skelton Lead & Zinc Co. v. Bagby, 166 Okla. 214, 27 P. (2d) 168, the respondent suffered a hernia June 2, 1927. Petitioner tendered and respondent submitted to three surgical operations to repair the hernia. The hernia was cured, but the disability for which respondent was awarded compensation resulted from the third operation. The award was for permanent partial disability. The writer of that opinion set out the findings of the commission as follows:

"4. The commission finds that the last operation performed resulting in holding claimant's intestines up in place, and that as a result of said operation the disability originally suffered by claimant in the nature of the hernia hereinbefore described was alleviated, and the claimant's general disability as a result of said injury and of the treatment therefore was reduced to a partial disability, which is permanent.

"5. The commission further finds that the said Dr. M. M. DeArman, by performing the last operation upon claimant for respondent on the 29th day of July, 1931, removed the cord from its natural position and location and transplanted it. That as a result of the removal of said cord and the transplanting of the same, it was pinched and interfered with in such a way as to cause complete atrophy of claimant's right testicle and atrophy of the cord to said testicle from the point of interference.

"6. The commission further finds that the injury to said testicle and cord was not sustained at the time the hernia was received by claimant, and that the organs and parts of the body which were injured at the time the hernia was received and which went into the making of said hernia was different and apart from the testicle and cord. That the injury to the testicle and cord as hereinbefore found is due to the manner and character of medical and surgical treatment furnished claimant by respondent.

"7. The commission further finds that the injury to the testicle and cord in the third operation was done by respondent's physician in the use of drastic methods in the performance of the operation to alleviate same, which was at the time the operation causing total disability to the claimant. That said cord and testicle were injured and that in the reduction of a hernia it is not necessary to injure said parts of the body."

That statement is directly applicable to the consequences of the operation to claimant in this case according to competent medical evidence. Further in that opinion we said:

"In a well reasoned case, Booth & Flinn, Ltd., v. Cook et al., 79 Okla. 280, 193 P. 36, 38, Chief Justice Rainey said:

" 'Under Workmen's Compensation Acts an employer is liable for all legitimate consequences following an accident, including unskillfulness or error of judgment of a physician furnished the injured employee as required by section 4 of our Compensation Act.' "

Also in that opinion:

"Under our liberal interpretation of the Workmen's Compensation Law (O. S. 1931, section 13348, et seq.), there appears no apparent reason why an injured employee who submits to a surgical operation tendered to him by his employer for the purpose of perfecting a cure to restore the employee's earning capacity should not be entitled to compensation for the disability, if any, which may follow as a result of a surgical operation regardless of any aggravation of a prior injury or the negligent or careless work, if any, resulting from the operation by the physician selected by the employer. We conclude that the commission had jurisdiction to make the award in question for permanent partial disability, and that such an award based upon the facts in the instant case is not in conflict with our holdings in the cases of Crowe Coal Co. v. Swindell, 109 Okla. 275, 235 P. 614, and Southland Gasoline Co. v. Bowlin, 152 Okla. 117, 3 P. (2d) 663."

The opinion in Skelton Lead & Zinc Co. v. Bagby, supra, more nearly fits the facts and law applicable to this case. The commission found as a matter of fact that the disability resulted from the faulty performance of the operation, and its finding of fact should not be disturbed under the circumstances established in this case.

The award is affirmed.

McNEILL, C. J., and RILEY, WELCH, CORN, and GIBSON, JJ., concur.