### BARNSDALL OIL CO. v. STATE INDUSTRIAL COMMISSION et al.

No. 27419.   Nov. 24, 1936.

M. D. Kirk and W. M. Fleetwood, Jr., for petitioner.

Jameson, Gray & McMahon and O. C. Essman, for respondent.

CORN, J. On March 21, 1934, C. C. Voris, while in the employ of the Barnsdall Oil Company, petitioner, allegedly sustained an accidental injury, which has been at all times referred to by each of the parties herein and the State Industrial Commission as a "hernia on left side," or "left inguinal hernia."

On January 19, 1935, a stipulation and receipt was entered into on "Form 7" and was executed by the claimant, Voris, and this petitioner; on the basis of said stipulation and receipt, the Industrial Commission entered its order under date of February 21, 1935, approving said stipulation, and

finding that the claimant had received eight weeks' compensation for temporary total disability resulting from his hernia. This order of the commission includes the following statement:

"It is therefore ordered * * * that the case be closed as to temporary total disability; the amount of permanent disability, if any, to be hereafter determined."

On March 16, 1936, claimant filed his motion to reopen the case on the grounds of a change of condition, and after several hearings and an oral argument before the State Industrial Commission, the commission entered an order on July 31, 1936, which was filed on August 6, 1936, by virtue of which order the commission found that the claimant had suffered a "left inguinal hernia" on March 21, 1934; he had been operated on for said hernia and paid wages in lieu of compensation, and had filed his motion to reopen the case on the grounds of a change of condition. The commission then found that:

"* * * Claimant has had a change of condition and is now temporarily totally disabled and has so been since March 16, 1936, and in need of medical care, as evidenced by the medical testimony."

The commission then ordered the respondent, Barnsdall Oil Company, to pay the claimant $366, which was the compensation due him under the order at the rate of $18 per week from March 16, 1936, to August 5, 1936. The commission further ordered the petitioner, Barnsdall Oil Company, to continue the payment of compensation at the rate of $18 per week, and to tender the claimant medical care while he was temporarily disabled as a result of said injury.

It is from the order of the commission last described that this appeal has been perfected.

The situation of which this petitioner now complains may be briefly summarized as being one in which an injured man allegedly received a hernia in an accident, for which hernia he was paid eight weeks' compensation and given an operation, whereupon he then filed his motion to reopen the case and was granted an order of the State Industrial Commission to the effect that he was again temporarily disabled, and entitled to receive compensation and medical treatment for that reason.

The petitioner contends that the award of the State Industrial Commission herein complained of is contrary to section 13356, O. S. 1931, which is as follows:

"Hernia: In the case of an injury resulting in hernia, compensation for eight weeks, and the cost of the operation shall be payable; provided, that if the hernia results in a total permanent disability, then the commission may so determine said fact and award the claimant compensation for a total permanent disability."

Petitioner further contends that the award of the State Industrial Commission is not only contrary to the above-cited statute, but is contrary to past decisions of this court. This court has frequently had a hernia case before it for consideration. There are numerous decisions which relate to the proposition herein involved. There are decisions of this court allowing a man more than eight weeks' compensation for hernia, on the theory that the employer failed to tender an operation; there are decisions of this court allowing the claimant more than eight weeks' compensation for hernia on the theory that he has repeatedly submitted to operations which had failed to alleviate the hernia; there are still other decisions of the court to the effect that a claimant is entitled to recover more than eight weeks' compensation, even though he fails to prove permanent total disability, if it is shown that the operation for the hernia was improperly or unsuccessfully performed.

None of these exceptions to the general rule, as stated in section 13356, O. S. 1931, are applicable to this case, and the order of the State Industrial Commission, from which this appeal has been perfected, evidences on its face that no such exception was intended to be the basis of the award.

It must be kept in mind that the order of which this petitioner complains is not predicated on the contention that the claimant's condition is the result of delay in tendering of an operation, or the result of an improperly executed operation, or that the claimant has submitted repeatedly to such operations without relief.

This is simply a case where compensation for temporary total disability has been paid the claimant in strict compliance with the statutes of this state, and with the decisions of this court, but where, nevertheless, the commission over two years after the accident finds that the claimant's temporary disability period has been revived and is now continuing.

In the case of Crowe Coal Co. v. Swindell, 109 Okla. 275, 235 P. 614, this court held:

"After an award of compensation under said act has been made for eight weeks, a

244

second award is unauthorized, without a finding of total permanent disability."

Also:

"This second order for compensation is beyond the provision of the statute, as above construed, as eight weeks' compensation had already been awarded and paid for the injury provided for in the act, and there was no finding that the disability was permanent, and, therefore, the award was unauthorized."

This case seems to be the first in line of cases relating to this subject in this state. In so far as we can determine, the holding in this case has never been overruled or altered in any manner, unless the facts such as are hereinbefore discussed are present in the case.

On October 6, 1931, the opinion of this court in the case of Southland Gasoline Co. v. Bowlin, 152 Okla. 117, 3 P. (2d) 663, was rendered, and in that case the Coal Company Case is cited with approval, and the court stated in its opinion:

"The commission having found that claimant sustained an accidental injury resulting in hernia, and having found that the disability was a temporary total disability only, it was not clothed with power to award compensation for exceeding a period of eight weeks. The commission having made no finding that the claimant's injury was permanent, it was without power to award compensation for the extra 23 weeks as shown by the order made March 30, 1931.

"Where the statute fixes the number of weeks that the payment for various specific injuries shall continue, it is, of course, error to award compensation for a longer time.

"Under the findings of fact made by the commission, the award of compensation for a greater period than eight weeks was unauthorized."

In a recent decision by this court, Chas. M. Dunning Const. Co. v. Heck, 160 Okla. 93, 15 P. (2d) 988, which appears to be directly in point and clearly expressive as to the fundamentals at issue herein, after citing the statute applicable to hernia, the court stated:

"The amount of compensation for hernia is thereby limited to eight weeks. * * * Compensation based upon total permanent disability resulting from hernia may be awarded only after a finding from competent evidence that total permanent disability resulted from a hernia caused by an injury arising out of and in the course of the employment of the claimant."

The award of the State Industrial Commission is vacated and the cause is remanded, with directions to dismiss the claim.

OSBORN, V. C. J., and BAYLESS, BUSBY, WELCH, and GIBSON, JJ., concur. McNEILL, C. J., and RILEY and PHELPS, JJ., absent.