## PIONEER MILLS CO. et al. v. WEBSTER et al.

No. 28291. Nov. 22, 1938.

S. S. Wachter, for petitioners.

Claud Briggs, John Morrison, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by Pioneer Mills Company and its insurance carrier, hereafter referred to as petitioners, to obtain a review of an award made by the State Industrial Commission in favor of T. V. Webster, hereafter referred to as respondent. The record in this case shows that on October 19, 1934, respondent, while in the employ of the Pioneer Mills Company and engaged in a business defined as hazardous by the Workmen's Compensation Act (Stats. 1931, sec. 13348 et seq. as amended, 85 Okla. St. Ann. sec. 1 et seq.), sustained an accidental personal injury which resulted in a left inguinal hernia. The petitioners furnished respondent an operation to correct his condition and paid him compensation for the statutory period of eight weeks. The operation appeared to be successful and a settlement therefor was made on a Form 7 agreement, which was approved by the State Industrial Commission in an order dated January 7, 1935. Respondent had a recurrence of the hernia condition, and on October 23, 1936, applied to the State Industrial Commission for an award on account of permanent total disability which had resulted from his injury. The respondent expressed a willingness to undergo another operation in the hope that thereby his condition would be corrected and his ability to work and labor would be restored, and thereupon the Industrial Commission, on December 17, 1936, awarded the respondent another operation for his condition and payment of compensation for a further period of eight weeks. All parties acquiesced in this award and order and the operation was furnished and the further compensation paid to the respondent by the petitioners, and a Form 8 receipt therefor was filed with the Industrial Commission on March 19, 1937. This latter operation was likewise unsuccessful, and thereupon on July 1, 1937, the respondent again applied to the commission for an award for permanent total disability, and after hearings held thereon the commission,

on August 23, 1937, made an order awarding the respondent compensation for a permanent partial disability on account of decrease in his wage-earning capacity. On motion of the petitioners this order and award was vacated by the commission on September 23, 1937. Thereafter, without any further proceedings, the Industrial Commission, on November 1, 1937, entered the order and award which we are now called upon to review. Therein the commission found in substance that as a result of the original injury on October 19, 1934, the respondent had sustained a permanent partial disability whereby his wage-earning capacity had been decreased, and thereupon awarded him compensation at the rate of $8 per week for a period of not to exceed 300 weeks, and in the same order directed that a percentage of the accrued compensation be paid to respondent's attorney, and that thereafter each fifth week the compensation provided for such week should be paid to respondent's attorney. The petitioners assign nine grounds of error and illegality in said award and present them under three general propositions, which in substance are that the commission was wholly without authority of law to make the order which it did, and that the award is not supported by the evidence, and that it was error to direct payment of attorney fees and provide that they should be charged against the latter end of the award. The petitioners are correct in their first contention. The State Industrial Commission was without authority to make the award which it did.

Under section 13356, O. S. 1931 (85 Okla. St. Ann. sec. 22), it is provided:

"In the case of an injury resulting in hernia, compensation for eight weeks, and the cost of the operation shall be payable; provided, that if the hernia results in a total permanent disability then the commission may so determine said fact and award the claimant compensation for a total permanent disability."

Under the above provision, compensation in hernia cases is limited to an operation to correct the condition and an award of compensation for a period of eight weeks, unless the injury results in a permanent disability. Crowe Coal Co. v. Swindell, 109 Okla. 275, 235 P. 614; Southland Gasoline Co. v. Bowlin, 152 Okla. 117, 3 P.2d 663; Charles M. Dunning Const. Co. v. Heck, 160 Okla 93, 15 P.2d 988; Barnsdall Oil Co. v. State Industrial Commission, 178 Okla. 242, 62 P.2d 655; Williams v. Commander Mills, 181 Okla. 362, 73 P.2d 1143.

Under the cases above cited, the commission was without jurisdiction to make an award for permanent partial disability.

The award is therefore vacated.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, WELCH, and PHELPS, JJ., concur.