## WESTERN OIL DRILLING CO. et al. v. SNOW et al.

No. 29087.    Oct. 17, 1939.

Everett Petry, of Tulsa, for petitioners.

Claud Briggs and John Morrison, both of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM.    The petitioner, Western Oil Drilling Company, and its insurance carrier seek a review of an award which was made by the State Industrial Commission in favor of the respondent Charles D. Snow.

The record shows the following essential facts: The respondent sustained an accidental personal injury which resulted in a hernia and for which he was awarded an operation to correct the condition and compensation for a period of eight weeks. The petitioner furnished the operation and paid the compensation. The respondent thereupon sought an award under the "other cases" provision of the statute (subd. 3, sec. 13356, O. S. 1931, 85 Okla. St. Ann. § 22, subd. 3) on account of disability which he alleged had resulted from the operation which had been performed to correct his hernia. At the hearing conducted on this claim, the evidence was in accord with respect to the fact that the operation had corrected the previous hernia condition, but was in disagreement with respect to whether it had resulted in an additional disability on the part of the respondent to labor and perform work. The commission found that the operation had produced such disability and had thereby decreased the wage-earning capacity of the respondent, and consequently awarded him compensation at the rate of $8 per week, for a period not to exceed 300 weeks.

The petitioners contend that, since hernia is a specific injury, the only award which the commission could make was one for an operation and eight weeks' compensation unless the injury resulted in permanent total disability. Where a disability is due to hernia, the foregoing is a correct statement of the law. Pioneer Mills Co. v. Webster, 184 Okla. 49, 84 P.2d 642; Williams v. Commander Mills, Inc., 181 Okla. 362, 83 P.2d 1143; Barnsdall · Oil Co. v. State Industrial Commission, 178 Okla. 242, 62 P.2d 655; Dunning Const. Co. v. Heck, 160 Okla. 93, 15 P.2d 988; Southland Gasoline Co. v. Bowlin, 152 Okla. 117, 3 P.2d 663; Crowe Coal Co. v. Swindell, 109 Okla. 275, 235 P. 614. This rule, however, has no application to a situation where the disability is the result of an operation to correct a hernia rather than the hernia. Under such circumstances, the State Industrial Commission is authorized to award compensation under the other provisions of the statute; the rule in such case being stated in Skelton Lead & Zinc Co. v. Bagby, 166 Okla. 214, 27 P.2d 168, as follows:

"Where an injured employee submits to a surgical operation tendered to him by his employer for the purpose of perfecting a

cure to restore his earning capacity, such employer is liable for compensation under said Workmen's Compensation Law for the disability, if any, which may follow as result of said surgical operation regardless of any aggravation of any prior injury or the neglect or unskillfulness or error of judgment of the physician selected by the employer."

To the same effect are Empire Oil Refining Co. v. Myers, 177 Okla. 401, 60 P.2d 731; Booth & Flinn v. Cook, 79 Okla. 280, 193 P. 36.

The award here under review being one made, not for a hernia, but for a disability which resulted from the operation performed and which corrected the prior condition but left a subsequent disability, was one which the State Industrial Commission had jurisdiction to make, and since it is supported by competent evidence in the record, will not be disturbed.

Award sustained.

WELCH, V. C. J., and CORN, GIBSON, HURST, and DANNER, JJ., concur.