EAGLE-PICHER MINING & SMELTING CO. v. DANIELS et al.

No. 32450.  Oct. 1, 1946.

*172 P. 2d 971.*

508

John R. Wallace and A. C. Wallace, both of Miami, for petitioner.

Anton Koch and Kirk Woodliff, both of Henryetta, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. On the 2nd day of April, 1942, Charles W. Daniels, hereinafter called respondent, filed his first notice of injury and claim for compensation stating that while employed as an ore weigher he sustained an accidental injury arising out of and in the course of his employment on January 24, 1942, when he hurt his side sustaining a hernia. He was paid for the injury resulting from the hernia as provided by 85 O.S. 1941 §22, subd. 3, and furnished an operation for the cure of said hernia. Thereafter he filed a second notice of injury and claim for compensation stating that he had sustained a back injury. After conducting hearings to determine the cause and extent of the disability the State Industrial Commission entered an award under date of November 30, 1945, finding that in addition to the injury arising from the hernia respondent sustained a 10 per cent permanent partial disability by reason of an injury to his back, and ordered payment accordingly, and the Eagle-Picher Mining & Smelting Company, hereinafter called petitioner, has brought this proceeding to review the award.

It is first argued that the commission erred in entering an award for further disability for the reason that the only injury that respondent sustained was occasioned by the hernia. Respondent testified that on the 24th day of January, 1942, while lifting a steel beam the beam slipped and it jerked his side so that a hernia resulted. While employed by the same company he had undergone an operation for a double hernia in 1935. He was also operated for the hernia resulting from the accident of January 24, 1942, on April 1, 1942, and the right testicle was removed. He stated that after the operation in 1942 he returned to light work on October 5, 1943; that his duties were to clean up scrap paper and "various things like that." He further stated that he was not able to do ordinary manual labor; that the job he was required forced him to handle metal shavings, ore and to dig ditches and to wheel concrete and that this work was too heavy for him; that he quit work November 5, 1943, and that, although he has tried to do chores since that date, he is wholly unable to perform any labor except for a few minutes at a time.

Dr. Glisman, called by respondent, testified that there is an injury to his back, in that the fibrocitis and strain of the back muscles and tendons is due to the injury because it results from abnormal posture which is brought by the strain and pain of the operative scars. Two other physicians testified for respondent, but their testimony is no stronger in effect than that of Dr. Glisman.

Respondent cites and relies upon Transwestern Oil Co. v. Partain, 188 Okla. 97, 106 P. 2d 263, wherein it is stated that when an employee engaged in one of those hazardous occupations covered by the Workmen's Compensation Law sustains an accidental injury which results in a hernia and other physicial conditions, which operating together creates a disability, his compensation is not necessarily limited by the hernia clause, 85 O. S. 1941 § 22. Manifestly, this is the rule. An injured employee should not be deprived of

compensation for a disability resulting from an accidental injury simply because in that accidental injury he sustains a hernia, if the disability is separate and apart from the hernia. The hernia provision of 85 O. S. 1941 §22, subd. 3, provides:

"In case of an injury resulting in hernia, compensation for fourteen weeks, and the cost of the operation shall be payable; provided, that if the hernia results in total permanent disability, then the commission may so determine said fact and award the claimant compensation for a total permanent disability."

We think the intent of the statute plain. If there is a separate injury which could be classified as a multiple injury, it is compensable; but if the only injury is the result of the hernia, it is not compensable unless it is total and permanent. Crowe Coal Co. v. Swindell, 109 Okla. 275, 235 P. 614; Southland Gasoline Co. v. Bowlin, 152 Okla. 117, 3 P. 2d 663; Empire Oil & Refining Co. v. Myers, 177 Okla. 401, 60 P.2d 730; Dierks Lumber Co. v. Lindley, 182 Okla. 185, 77 P.2d 44; Pioneer Mills Co. v. Webster, 184 Okla. 49, 84 P.2d 642.

There is no separate disability to the back caused by the accidental injury of January 24, 1942, under the medical evidence contained in the record in the case at bar. The testimony of the physicians for the respondent is that respondent is totally and permanently disabled by reason of the accidental injury of January 24, 1942. If so, he should have an award for total permanent disability. Under the provisions of the Workmen's Compensation Law, supra, he cannot have less.

The award of the State Industrial Commission is vacated and the cause remanded to the Commission for proceedings not inconsistent with the views herein expressed.

GIBSON, C.J., HURST, V.C.J., and RILEY, BAYLESS, WELCH, CORN, and DAVISON, JJ., concur.