NELSON ELECTRIC MANUFACTURING
COMPANY, own risk, Petitioner,

v.

Lige CARTWRIGHT and the State Indus-
trial Commission of the State of Okla-
homa, Respondents.

No. 36322.

Supreme Court of Oklahoma.

Nov. 30, 1954.

Kothe & Huff, Tulsa, for petitioners.

John L. Dunn, Tulsa, Mac Q. Williamson, Atty. Gen., for respondents.

BLACKBIRD, Justice.

This is a proceeding brought by Nelson Electric Manufacturing Company, its own insurance carrier, to review an award of the State Industrial Commission awarding compensation to Lige Cartwright, respondent.

Respondent in his claim for compensation states that on May 26, 1952, while in the employ of petitioner he sustained an accidental injury consisting of an injury to his back and a hernia, which injury was caused by a fellow employee striking him and knocking him down, causing him to fall into machinery.

The trial commissioner to whom the case was assigned found at the close of the evidence that: On May 26, 1952, respondent was the aggressor in an altercation with a fellow employee at petitioner's plant and that by reason thereof, the injuries received by him are not compensable under the Workmen's Compensation Law, 85 O.S. 1951 § 1 et seq.; and entered an order denying compensation.

The Commission en banc on appeal vacated the order and in lieu thereof made the following findings and award: On May 26, 1953, (record shows 1952) respondent while in the employ of petitioner and engaged in operating a buffing machine sustained an accidental injury arising out of and in the course of his employment as follows: an employee struck respondent and knocked him into the machinery causing a back injury and an umbilical hernia; that respondent is entitled to compensation for 14 weeks for his hernia in the amount

of $350. And in finding No. 6 the Commission found:

"That as a result of said injury the claimant sustained 35% permanent partial disability to his body as a whole, by reason of his operation and an injury to his back, for which he is entitled to compensation for 175 weeks at $25.00 a week, or the total sum of $4,375.00, of which 67 weeks, or the sum of $1,675.00 has accrued from September 6, 1952, the date of which temporary total compensation payment for claimant's hernia would have ceased, to December 20, 1953, and the sum of $1,675.00 as well as the $350.00 heretofore mentioned shall be paid to claimant in a lump sum; and that the balance of the permanent partial disability award herein made shall be paid to claimant in weekly payments of $25.00 a week from December 20, 1953."

The Commission further found that petitioner had actual notice of the injury sustained by respondent and therefore was not prejudiced by reason of his failure to give written notice of his injury in the time and manner provided by statute. Upon such finding the Commission awarded compensation to respondent in the sum of $4,375 for permanent partial disability to the body as a whole and the sum of $350 compensation due him for the injury resulting in hernia.

Petitioner brings the case here to review the award. Its first contention is that the evidence conclusively establishes that if claimant received any injury on May 26, 1952, it was the direct and proximate result of his action as an aggressor in a fight with a fellow employee growing out of a "horseplay" situation in which he participated, and did not arise out of his employment.

Bearing upon this contention respondent testified in substance: On May 26, 1952, while in the employ of petitioner and engaged in operating a buffing machine, a fellow employee by the name of Duckett was hit by a small welding bolt thrown by another employee. Mr. Duckett accused

him of throwing the bolt but he told Duckett he had not. Mr. Duckett then came close to him, placing his head in his face. He pushed him away and in so doing Duckett's glasses fell off and dropped to the floor. Mr. Duckett then left the department in which he was working and went to work on another floor. However, shortly thereafter he returned and picked up his glasses, struck respondent knocking him over backwards, and his back and head fell against a large panel behind him. The blow rendered him unconscious for several minutes and as a result of his injury he sustained a hernia and injury to his back. He further testified however that he thought the hernia had developed ten days before he sustained his present injury while engaged in lifting an angle iron, but when he sustained his present injury "it busted it open."

Mr. Duckett had a different version as to the altercation. He testified that when he entered the department in which respondent was working, a fellow employee threw a welding nut which hit respondent and respondent accused him of throwing it and threatened to whip him and struck him in the face with his open hand, he did not hit him with his fist. He further testified that he did not at that time make any effort to strike respondent, but after the altercation he immediately left and went to the basement.

A short time thereafter he came back and asked respondent for his glasses. Respondent used some curse words, and pointed to the floor and said there are your glasses. He picked up the glasses and struck respondent knocking him down. He stood and watched him fall. Respondent made no effort at that time to strike him, but after respondent got up from the floor, he came toward him with an open knife in his hand. Petitioner's foreman who was present at the time stepped between the parties and prevented further trouble.

While the evidence is in conflict in some particulars, we think it is sufficient to justify the finding that the assault was provoked by Mr. Duckett and that he was the aggressor; and sufficient to sustain the

conclusion of the Commission that the injury sustained by respondent constitutes an accidental injury, and that it arose out of and in the course of his employment. Indian Territory Illuminating Oil Co. v. Jordan, 140 Okl. 238, 283 P. 240; Stasmas v. State Industrial Commission, 80 Okl. 221, 195 P. 762, 15 A.L.R. 576; Swift & Co. v. Forbus, 201 Okl. 516, 207 P.2d 251, and other authorities cited in Town of Granite v. Kidwell, Okl., 263 P.2d 184.

Petitioner's second contention is that there is no competent evidence to sustain the finding of the Commission that it had actual notice of the injury sustained by respondent and was not prejudiced by reason of the failure of respondent to give written notice of the injury within 30 days as provided by statute. 85 O.S.1951 § 24.

It is conceded that respondent did not give written notice of his injury in the time and manner provided by statute. He testified however that on the day he sustained his injury he notified his boss and was then taken by petitioner to a hospital where he was given temporary treatment. After receiving the treatment he was taken to his home by petitioner. The next day his boss came to see him and brought his check and told him he was discharged. He then asked what they intended to do about the hernia he got and he replied there is nothing "we can do about it." Then, after the 30 days for giving written notice expired, he requested an operation for the hernia, which was refused. He then went to a doctor of his own choosing who took him to a hospital and operated. The evidence further shows that petitioner's welding foreman was present at the time the altercation occurred between the parties and saw Mr. Duckett hit respondent and knock him down.

In their brief counsel argues that assuming the evidence sufficient to sustain the finding of the Commission that petitioner had actual notice of respondent's hernia injury, it is insufficient to show that it had actual knowledge that he also claimed an injury to his back resulting from the accident. They further claim the evidence

insufficient to sustain the Commission's finding that it was not prejudiced by respondent's failure to give the statutory written notice. The evidence, in our opinion, is insufficient to show that within the 30-day period provided by statute petitioner had actual notice that respondent claimed to have sustained an injury to his back. Nevertheless we think it sufficient to sustain the Commission's finding that it suffered no prejudice by reason of respondent's failure to give the written notice.

It is not necessary that the evidence show, or the Commission find, that the employer had received actual notice of the injury within the 30-day period in order to justify excusing failure to give such notice on the ground that the employer suffered no prejudice thereby, where justification is otherwise established; and in such case, it is immaterial that the evidence may not be sufficient to sustain the finding that the employer had received actual notice of the injury within the 30-day period. Jones v. Oliver, 204 Okl. 164, 228 P.2d 173; Massachusetts Bonding & Ins. Co. v. Welch, 195 Okl. 636, 159 P.2d 1017.

The purpose of the statute requiring that the employee give written notice of his injury is to furnish prompt information to the employer in order that he may make a proper and timely investigation of the accident in order to determine the cause, nature and extent of the injury and in order that he might furnish prompt medical treatment to prevent or minimize resulting disability. Jones v. Oliver, supra, and cases therein cited.

The record discloses that respondent's claim was filed September 2, 1952, and petitioner received written notice thereof several days thereafter. The case came on for hearing before the Commission on the 7th day of March, 1953. It will thus be seen that petitioners had approximately six months after receiving notice of the injury to make a complete and thorough investigation as to the cause, nature and extent of respondent's injury with resulting disability, and to afford medical treatment.

Moreover the evidence shows petitioner's welding foreman was present at the time the altercation above referred to took place and saw the fellow employee, Duckett, hit and knock respondent down, and knew that respondent had suffered some injury as a result thereof, yet made no offer to furnish him proper and adequate medical treatment and apparently made no effort to ascertain the extent and nature of his injury. In these circumstances, we think the Commission was fully justified in finding that petitioner suffered no prejudice because of respondent's failure to give the statutory written notice of his injury.

Petitioner also contends that the evidence is insufficient to sustain the finding of the Commission that as the result of his back injury alone respondent sustained a 35 per cent disability to his body as a whole. With this contention we agree. The proof of the extent of disability sustained by respondent consists of the evidence of two physicians. The doctor who operated for the hernia testified in substance that: He examined respondent about September 1, 1952, and found him suffering from an umbilical hernia, a good sized hernia. He had a big scar at the back of his head and complained subjectively of pains and soreness. He found the muscles of his groin were very rigid and that he had a pain over the sacroiliac portion. He operated for the hernia on the last of September and it healed nicely. He saw respondent again about two days before the date he testified and stated the ailments above described were, in his opinion, due to the injury respondent received on or about May 28, 1952. In estimating respondent's permanent disability this witness stated that respondent cannot read or write or make figures, has no education at all, and his injury just about incapacitates him for anything; that he couldn't lift; that he has a little hernia which will possibly enlarge in a man his age, and, if he lifts anything heavy, it will certainly recur, and there aren't many jobs that wouldn't have some heavy lifting, so he would say respondent is 50 per cent permanent totally disabled. In his written report the other physician stated, in substance, that he saw the patient on March 6, 1953; that respondent gave a history of having received an injury May 16, 1952, when he attempted to pick up a piece of angle iron; and that strained his abdominal wall; that respondent did not report said injury, but ten days later when he received a second one, he reported the injury to his abdomen; that on May 26, 1952, respondent stated he was working running a buffing machine when another employee struck him and knocked him down. This physician further stated that respondent has considerable stiffness involving his lumbarsacral area, with a moderate amount of muscle spasm involving the muscles of the lumbarsacral area, with definite limited bending in all directions; that X-ray films were made of the lumbarsacral spine which revealed extensive osteoarthritis involving the back from the lower dorsal to the lumbar and lumbarsacral area. The doctor concluded his report with the following "Remarks":

"Here is a man who is 58 years old who has had a rather severe injury, apparently, if his history is true, when he was pushed over a group of doors straining his back and producing considerable muscle spasm. He also gives a history of having had an abdominal hernia which is repaired, but which is still tender and sore in the scar. It is my feeling that this patient apparently had some fefinite aggravation of his old condition, and also as a result of this hernia which apparently he had not had prior to this—according to his story.

In view of these facts it is my feeling that this patient now has approximately 35 per cent permanent partial disability to the body as a whole, resulting from this accident."

It is clear from the above physicians' evidence that, in estimating respondent's disability to the body as a whole, they took into consideration the disability resulting from the hernia in connection with the back injury in arriving at their conclusion. This was improper. The ul-

168

timate award that may be made under 85 O.S.1951 § 22, subd. 3 for an injury resulting in hernia, except under special circumstances and conditions not here involved, is compensation for 14 weeks and costs of the operation, unless the hernia results in permanent total disability. Where an injury results in a hernia, compensation may not be awarded for permanent partial disability to the body as a whole, in addition to the statutory award. Patrick v. City of Tulsa, 200 Okl. 556, 197 P.2d 994; Pioneer Mills Co. v. Webster, 184 Okl. 49, 84 P.2d 642; Barnsdall Oil Co. v. State Industrial Commission, 178 Okl. 242, 62 P.2d 655.

Furthermore the Commission found that by reason of respondent's hernia operation and the injury to his back he sustained a 35 per cent permanent partial disability to his body as a whole. There is no evidence that respondent suffered any disability as a result of an improper, imperfect or negligent operation. It is evident from this finding that in arriving at its award, the Commission took into consideration an assumed disability resulting from the hernia operation, in addition to the back injury.

There is no evidence upon which the Commission could have found the extent of disability sustained by respondent as a result of his back injury alone. As the award is obviously based upon combined disability due to the hernia and injury to the back, it cannot be sustained.

Petitioner also contends that the award should be vacated because of irregular and improper proceedings indulged in by the Commission en banc, and that respondent did not follow the rules prescribed by the Commission concerning the filing of briefs. We have given this assignment due consideration but have concluded it is without substantial merit. Nor, do we think, in view of our independent examination of the record and our conclusions on the issues herein, that respondent's filing of a brief herein designated: "Answer to Reply Brief", has in any manner prejudiced petitioner. The latter's motion to strike said brief is therefore overruled.

The award is sustained as to compensation awarded for the hernia, but vacated as to compensation awarded for disability to the body as a whole, and the cause is remanded to the State Industrial Commission to determine the extent of disability, if any, sustained by respondent as a result of the injury to his back alone.